UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN NOAH SHAPIRO,                )
12 James Way                     )
Cambridge, MA 02141              )    Judge _____
                                 )    Civil Action No. _____
        PLAINTIFF                )
    vs.                          )
                                 )
DEPARTMENT OF JUSTICE,           )
950 Pennsylvania Ave., NW        )
Washington, DC 20530             )
                                 )
        DEFENDANT                )
                                 )
_____  )

## COMPLAINT

### THE PARTIES

1.      Plaintiff Ryan Noah Shapiro is a citizen of Massachusetts residing at 12 James Way, Cambridge, MA 02141.

2.      Plaintiff is a Ph.D. candidate in the Department of Science, Technology & Society at the Massachusetts Institute of Technology.  Plaintiff's research focuses on disputes over animals and national security from the late nineteenth century to the present.  A core focus of Plaintiff's research is the substantial role played by the FBI in conflicts over animal use and protection.  In particular, Plaintiff's research explores the nature and evolution of FBI understanding and handling of the animal rights and animal protection movements from the Cold War era to the present.  To this end, numerous leading animal rights activists from the 1970's through today have signed privacy waivers allowing Plaintiff to request their FBI records through the Freedom of Information Act and Privacy Act.

1

3.      Plaintiff's research dovetails with that of scholars and journalists analyzing today's "Green Scare." As defined by award-winning journalist and author Will Potter, the Green Scare is the ongoing "disproportionate, heavy-handed government crackdown on the animal rights and environmental movements, and the reckless use of the word 'terrorism'" in the process. *See* http://www.greenisthenewred.com/blog/green-scare. Supporting this understanding is the FBI's 2005 designation of the animal rights and environmental movements as the leading domestic terror threats despite the fact that neither movement has ever physically injured a single person in the movements' decades of existence in the United States. *See* http://www.cnn.com/2005/US/08/24/schuster.column/index.html. Likewise, the FBI-supported 2006 passage of the Animal Enterprise Terrorism Act (AETA) has been widely condemned as a pernicious infringement upon protected speech and an effort to employ the rhetoric and apparatus of national security to marginalize animal protectionists as threats to American security. The New York-based Center for Constitutional Rights filed a federal lawsuit this past December in Boston challenging the constitutionality of the AETA. *See* http://www.theatlantic.com/national/archive/2011/12/trust-us-legislation-when-protest-becomes-an-act-of-terror/250580.

4.      Defendant Department of Justice (DOJ) is an agency of the United States.

5.      The Federal Bureau of Investigation (FBI) is a component of the DOJ. The FBI has possession, custody and control of the records Plaintiff seeks.

JURISDICTION AND VENUE

6.      This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

2

7.      This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

8.      Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### BACKGROUND

9.      Founded in the mid 1990s, the Animal Defense League (ADL) is a militant, grassroots animal rights organization with non-centralized chapters across the country.  Utilizing street protests and acts of civil disobedience, ADL chapters have aggressively protested a wide range of animal exploitation and abuses including the fur trade, animal circuses, hunting, and animal experimentation.  ADL chapters have also educated the public about factory farming and advocated for adoption of vegan eating. ADL was most active in the mid- to late-1990's, but new chapters continue to form.

10.     Closely allied with ADL, No Compromise was a leading militant, grassroots animal rights magazine from roughly 1995-2005.  No Compromise now continues as a website, www.nocompromise.org.

11.     The individuals whose records are sought by Plaintiff in this suit were or are all leading activists affiliated with ADL, No Compromise, or other animal rights organizations closely associated with ADL and No Compromise.

### THE ADL REQUEST

12.     On November 4, 2010, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service First Class mail requesting a copy of "any and all information pertaining to the organization Animal Defense League (ADL)."  The request further stated, "This request includes any and all information on all chapters of the ADL."

3

13.     In a letter sent to Plaintiff dated November 15, 2010, the FBI acknowledged receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1157033-000.

14.     Pursuant to 5 USC § 552(a)(6)(A)(i), a response to Plaintiff's FOIA/PA request (1157033-000) containing a determination about whether to comply with the request was due within twenty working days after receipt of the request.

15.     Although Plaintiff does not know the exact date that the FBI received his FOIA/PA request (1157033-000), the latest that the FBI could have received the request was on November 15, 2010, the date of the letter in which FBI acknowledged receipt of the FOIA/PA request (1157033-000).

16.     The FBI's response to Plaintiff's FOIA/PA request (1157033-000) was due, at the latest, twenty working days after November 15, 2010, which would have been December 14, 2010.

17.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA/PA request (1157033-000) with a determination as to whether the FBI will comply with the request.

18.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1157033-000) because the FBI has failed to comply with the statutory time limit.

## THE NO COMPROMISE REQUEST

19.     On November 4, 2010, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service First Class mail requesting a copy of "any and all information pertaining to the print and online militant animal rights magazine No Compromise, aka No Compromise!, aka No Compromise.org."

20.     In a letter sent to Plaintiff dated November 8, 2010, the FBI acknowledged receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1156759-000.

21.     Plaintiff received a letter from the FBI dated February 18, 2011, regarding his FOIA/PA request (1156759-000) which stated, "Currently your request is being reviewed by an analyst.  The analyst will confirm that all records are responsive to your request and apply exemptions allowed under FOIPA.  If your request is for sensitive national security information, then the records must undergo a systematic declassification review prior to application of FOIPA exemptions."

22.     Plaintiff received a letter from the FBI dated June 29, 2011 regarding his FOIA/PA request (1156759-000) stating, "Currently your request is being reviewed by an analyst.  The analyst will confirm that all records are responsive to your request and apply exemptions allowed under FOIPA.  If your request is for sensitive national security information, then the records must undergo a systematic declassification review prior to application of FOIPA exemptions."

23.     Pursuant to 5 USC § 552(a)(6)(A)(i), a response to Plaintiff's FOIA/PA request (1156759-000) containing a determination about whether to comply with the request was due within twenty working days after receipt of the request.

24.     Although Plaintiff does not know the exact date that the FBI received his FOIA/PA request (1156759-000), the latest that the FBI could have received the request was on November 8, 2010, the date of the letter in which FBI acknowledged receipt of the FOIA/PA request (1156759-000).

25.     The FBI's response to Plaintiff's FOIA/PA request (1156759-000) was due, at the latest, twenty working days after November 8, 2010, which would have been December 8, 2010.

26.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA/PA request (1156579-000) with a determination as to whether the FBI will comply with the request.

27.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1156579-000) because the FBI has failed to comply with the statutory time limit.

## THE LINDSAY PARME REQUEST

28.     On October 24, 2010, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service First Class mail requesting a copy of "any and all information pertaining to the individual Lindsay Parme." Plaintiff included a privacy waiver signed by Lindsay Parme.

29.     In a letter sent to Plaintiff dated November 12, 2010, the FBI acknowledged receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1156661-000.

30.     Plaintiff received a letter from the FBI dated February 12, 2011 regarding his FOIA/PA request (1156661-000) stating, "Currently the FBI is searching for, retrieving, scanning, and evaluating files that may be responsive to your request."

31.     Plaintiff received a letter from the FBI dated February 24, 2011, denying a fee waiver for his FOIA/PA request (1156661-000).

32.     Plaintiff received a letter from the FBI dated February 26, 2011, regarding his FOIA/PA request (1156661-000), informing Plaintiff, "We have located approximately 11,485 pages which are potentially responsive to your request." The letter further inquired whether Plaintiff would be willing to pay search and duplication fees.

33.    On March 16, 2011, Plaintiff sent a letter to the FBI via United States Postal Service First Class mail asking that the FBI continue to process his request (1156661-000), stating that he intended to file an appeal of the denial of his fee waiver request, and indicating that he was willing to pay any fees associated with the request should the appeal be denied.

34.    Plaintiff received a letter from the FBI dated May 18, 2011 regarding his FOIA/PA request (1156661-000) stating, "Currently the FBI is searching for, retrieving, scanning, and evaluating files that may be responsive to your request."

35.    Sometime in early to mid-2011, Plaintiff received a telephone call from Ms. Elaine Bruce, a long-queue analyst for FBI's FOIPA work processing unit.  During the phone call, Ms. Bruce informed Plaintiff that the February 26, 2011 letter sent to Plaintiff indicating that the FBI located 11,485 pages of potentially responsive documents was erroneous and that there were no responsive main file records regarding Ms. Parme. Ms. Bruce further informed Plaintiff that the FBI had between approximately 1,000 and 1,500 pages of potentially responsive cross-reference records and asked whether Plaintiff wanted to receive the cross-reference records.  Plaintiff stated that he did want to receive these records and expressed his doubt that the FBI possessed no responsive main file records regarding Ms. Parme.

36.    Ms. Parme is a long-time, leading militant animal rights activist with extensive unwanted interactions with the FBI including being twice arrested by the FBI, a raid on her storage shed by the FBI, seizure of her car by the FBI, physical surveillance by the FBI, and an attempt to execute a warrant for Ms. Parme's DNA by the FBI.  On information and belief, the FBI possesses main file records regarding Ms. Parme.

37.    Although Plaintiff does not know the exact date that the FBI received his FOIA/PA request (1156661-000), the latest that the FBI could have received the request

was on November 12, 2010, the date of the letter in which FBI acknowledged receipt of the FOIA/PA request.

38.    The FBI's response to Plaintiff's FOIA/PA request (1156661-000) was due, at the latest, twenty working days after November 12, 2010, which would have been December 13, 2010.

39.    As of the filing of this Complaint, Plaintiff has not received a response to his October 24, 2010 FOIA/PA request (1156661-000) with a determination as to whether the FBI will comply with the request.

40.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1156661-000)  because the FBI has failed to comply with the statutory time limit.


**THE KIMBERLY ANN BERARDI REQUEST**

41.    On June 21, 2011, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Kimberly (Kim) Ann Berardi[.]"  Plaintiff included a privacy waiver signed by Kimberly Ann Berardi.

42.    In a letter sent to Plaintiff dated July 26, 2011, the FBI acknowledged receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1169365-000.

43.    Although Plaintiff does not know the exact date that the FBI received his FOIA/PA request (1169365-000), the latest that the FBI could have received the request

was on July 26, 2011, the date of the letter in which FBI acknowledged receipt of the FOIA/PA request (1169365-000).

44.    The FBI's response to Plaintiff's FOIA/PA request (1169365-000) was due, at the latest, twenty working days after July 26, 2011, which would have been August 23, 2011.

45.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA/PA request (1169365-000) with a determination as to whether the FBI will comply with the request.

46.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1169365-000) because the FBI has failed to comply with the statutory time limit.

## THE FREEMAN WICKLUND REQUEST

47.    On May 31, 2011, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Freeman Wicklund[.]"  Plaintiff included a privacy waiver signed by Freeman Wicklund.

48.    In a letter sent to Plaintiff dated June 13, 2011, the FBI acknowledged receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1167538-000.

49.    Although Plaintiff does not know the exact date that the FBI received his FOIA/PA request (1167538-000), the latest that the FBI could have received the request

was on June 13, 2011, the date of the letter in which FBI acknowledged receipt of the
FOIA/PA request (1167538-000).

50.    The FBI's response to Plaintiff's FOIA/PA request (1167538-000) was
due, at the latest, twenty working days after June 13, 2011, which would have been July
12, 2011.

51.    As of the filing of this Complaint, Plaintiff has not received a response to
his FOIA/PA request (1167538-000) with a determination as to whether the FBI will
comply with the request.

52.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his
administrative remedies with regard to his FOIA/PA request (1167538-000) because the
FBI has failed to comply with the statutory time limit.


### THE PATRICK KWAN REQUEST

53.    On June 29, 2011, Plaintiff sent a FOIA/PA request to the FBI via United
States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010
0002 0396 3497) requesting a copy of "any and all records that were prepared, received,
transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task
Force, or any Joint Terrorism Task Force relating or referring to the living person Patrick
Kwan[.]"  Plaintiff included a privacy waiver signed by Patrick Kwan.

54.    Based on information from the United States Postal Service, Plaintiff's
FOIA/PA request described in the previous paragraph arrived at the FBI on July 1, 2011.
In a letter sent to Plaintiff dated July 12, 2011, the FBI acknowledged receipt of
Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking
number 1169433-000.

55.     The FBI's response to Plaintiff's FOIA/PA request (1169433-000) was due twenty working days after the FBI received it on July 1, 2011, which would have been August 1, 2011.

56.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA/PA request (1169433-000) with a determination as to whether the FBI will comply with the request.

57.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1169433-000) because the FBI has failed to comply with the statutory time limit.

## THE PETER GEORGE SCHNELL REQUEST

58.     On June 29, 2011, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 3497) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Peter George Schnell[.]" Plaintiff included a privacy waiver signed by Peter George Schnell.

59.     Based on information from the United States Postal Service, Plaintiff's FOIA/PA request described in the previous paragraph arrived at the FBI on July 1, 2011. In a letter sent to Plaintiff dated July 21, 2011, the FBI acknowledged receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1169971-000.

60.     The FBI's response to Plaintiff's FOIA/PA request (1169971-000) was due twenty working days after the FBI received it on July 1, 2011, which would have been August 1, 2011.

11

61.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA/PA request (1169971-000) with a determination as to whether the FBI will comply with the request.

62.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1169971-000) because the FBI has failed to comply with the statutory time limit.

## THE ADAM WEISSMAN REQUEST

63.     On June 28, 2011, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 3282) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Adam Weissman[.]"  Plaintiff included a privacy waiver signed by Adam Weissman.

64.     Based on information from the United States Postal Service, Plaintiff's FOIA/PA request described in the previous paragraph arrived at the FBI on June 30, 2011.  In a letter sent to Plaintiff dated July 21, 2011, the FBI acknowledged receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1169475-000.

65.     The FBI's response to Plaintiff's FOIA/PA request (1169475-000) was due twenty working days after the FBI received it on June 30, 2011, which would have been July 29, 2011.

66.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA/PA request (1169475-000) with a determination as to whether the FBI will comply with the request.

12

67.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1169475-000) because the FBI has failed to comply with the statutory time limit.

## THE ANDREA JOAN LINDSAY

68.     On June 28, 2011, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 3282) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Andrea Joan Lindsay[.]"  Plaintiff included a privacy waiver signed by Andrea Joan Lindsay.

69.     Based on information from the United States Postal Service, Plaintiff's FOIA/PA request described in the previous paragraph arrived at the FBI on June 30, 2011.  In a letter sent to Plaintiff dated July 18, 2011, the FBI acknowledged receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1169594-000.

70.     The FBI's response to Plaintiff's FOIA/PA request (1169594-000) was due twenty working days after the FBI received it on June 30, 2011, which would have been July 29, 2011.

71.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA/PA request (1169594-000) with a determination as to whether the FBI will comply with the request.

72.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1169594-000) because the FBI has failed to comply with the statutory time limit.

## THE JOSH TRENTER REQUEST

73.    On June 28, 2011, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 3282) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Josh Trenter[.]" Plaintiff included a privacy waiver signed by Josh Trenter.

74.    Based on information from the United States Postal Service, Plaintiff's FOIA/PA request described in the previous paragraph arrived at the FBI on June 30, 2011. In a letter sent to Plaintiff dated August 10, 2011, the FBI acknowledged receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1169943-000.

75.    The FBI's response to Plaintiff's FOIA/PA request (1169943-000) was due twenty working days after the FBI received it on June 30, 2011, which would have been July 29, 2011.

76.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA/PA request (1169943-000) with a determination as to whether the FBI will comply with the request.

77.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1169943-000) because the FBI has failed to comply with the statutory time limit.

## THE JOSEPH W. BATEMAN REQUEST

14

78.     On June 28, 2011, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 3282) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Joseph W. Bateman[.]"  Plaintiff included a privacy waiver signed by Joseph W. Bateman.

79.     Based on information from the United States Postal Service, Plaintiff's FOIA/PA request described in the previous paragraph arrived at the FBI on June 30, 2011.  In a letter sent to Plaintiff dated July 26, 2011, the FBI acknowledged receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1169964-000.

80.     The FBI's response to Plaintiff's FOIA/PA request (1169964-000) was due twenty working days after the FBI received it on June 30, 2011, which would have been July 29, 2011.

81.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA/PA request (1169964-000) with a determination as to whether the FBI will comply with the request.

82.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1169964-000) because the FBI has failed to comply with the statutory time limit.

### THE DAVID PATRICK HAYDEN REQUEST

83.     On June 28, 2011, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 3282) requesting a copy of "any and all records that were prepared, received,

transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person David Patrick Hayden[.]"  Plaintiff included a privacy waiver signed by David Patrick Hayden.

84.     Based on information from the United States Postal Service, Plaintiff's FOIA/PA request described in the previous paragraph arrived at the FBI on June 30, 2011.  In a letter sent to Plaintiff dated July 22, 2011, the FBI acknowledged receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1169999-000.

85.     The FBI's response to Plaintiff's FOIA/PA request (1169999-000) was due twenty working days after the FBI received it on June 30, 2011, which would have been July 29, 2011.

86.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA/PA request (1169999-000) with a determination as to whether the FBI will comply with the request.

87.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1169999-000)  because the FBI has failed to comply with the statutory time limit.

## THE MIYUN PARK REQUESTS

88.     On October 22, 2010, Plaintiff sent a FOIA/PA request to FBI Headquarters via United States Postal Service First Class mail requesting a copy of "any and all information pertaining to the individual Miyun Park (1970-)."  Plaintiff included a privacy waiver signed by Miyun Park.

89.     Plaintiff has not received an acknowledgment letter with respect to his October 22, 2010 FOIA/PA request described in the previous paragraph.

90.    On February 11, 2011, Plaintiff sent a FOIA/PA request to FBI Headquarters via United States Postal Service First Class mail explaining that he had not received any acknowledgment to his October 22, 2010 FOIA/PA request regarding Miyun Park and that he was therefore submitting a new request for "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Miyun Park (1970-)."  Plaintiff included a privacy waiver signed by Miyun Park.

91.    Plaintiff has not received an acknowledgment with respect to his February 11, 2011 FOIA/PA request to FBI Headquarters described in the previous paragraph.

92.    In a letter sent to Plaintiff from FBI Headquarters dated February 12, 2011, the FBI informed Plaintiff that with regard to his FOIA/PA request for information pertaining to Miyun Park (1156549-000), "Currently the FBI is searching for, retrieving, scanning, and evaluating files that may be responsive to your request."

93.    In a letter dated February 24, 2011, the FBI informed Plaintiff that it was denying his request for a fee waiver regarding the FOIA/PA request (1156549-000).

94.    In a letter sent to Plaintiff dated February 26, 2011 regarding his FOI/PA request (1156549-000), the FBI inquired whether Plaintiff would be willing to pay the search and duplication fees.

95.    On March 16, 2011, Plaintiff sent a letter to the FBI via United States Postal Service First Class mail asking that the FBI continue to process his request (1156549-000), stating that he intended to file an appeal of the denial of his fee waiver request, and indicating that he was willing to pay any fees associated with the request should the appeal be denied.

96.     On February 11, 2011, Plaintiff sent a FOIA/PA request to the Washington, DC field office of the FBI via United States Postal Service First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Miyun Park (1970-)." Plaintiff included a privacy waiver signed by Miyun Park.

97.     In a letter sent to Plaintiff dated March 1, 2011, the FBI acknowledged receipt of Plaintiff's FOIA/PA request to the Washington, DC field office described in the previous paragraph and assigned it tracking number 1156549-000.

98.     On February 11, 2011, Plaintiff sent a FOIA/PA request to the Baltimore, MD field office of the FBI via United States Postal Service First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Miyun Park (1970-)." Plaintiff included a privacy waiver signed by Miyun Park.

99.     In a letter sent to Plaintiff dated February 18, 2011, the FBI acknowledged receipt of Plaintiff's FOIA/PA request to the Baltimore, MD field office described in the previous paragraph and assigned it tracking number 1156549-000.

100.    On February 11, 2011, Plaintiff sent a FOIA/PA request to the Norfolk, VA field office of the FBI via United States Postal Service First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Miyun Park (1970-)." Plaintiff included a privacy waiver signed by Miyun Park.

101.    In a letter sent to Plaintiff dated February 28, 2011, FBI Headquarters acknowledged receipt of Plaintiff's FOIA/PA request to the Norfolk, VA field office of the FBI described in the previous paragraph and assigned it tracking number 1156549-000.  In a letter sent to Plaintiff dated February 16, 2011, the Norfolk, VA field office of the FBI acknowledged receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1156549-000.

102.    On February 12, 2011, Plaintiff sent a FOIA/PA request to the New York, NY field office of the FBI via United States Postal Service First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Miyun Park (1970-)."  Plaintiff included a privacy waiver signed by Miyun Park.

103.    In the previously mentioned letter sent to Plaintiff dated February 28, 2011 acknowledging receipt of Plaintiff's FOIA/PA request to the FBI Norfolk, VA field office, the FBI also acknowledged receipt of Plaintiff's FOIA/PA request to the New York, NY field office of the FBI described in the previous paragraph.

104.    In a letter to Plaintiff dated May 13, 2011, the FBI informed Plaintiff regarding his FOIA/PA request (1156549-000), "Currently your request is being reviewed by an analyst.  The analyst will confirm that all records are responsive to your request and apply exemptions allowed under FOIPA.  If your request is for sensitive national security information, then the records must undergo a systematic declassification review prior to application of FOIPA exemptions."

105.    In a letter to Plaintiff dated August 12, 2011, the FBI informed Plaintiff regarding his FOIA/PA request (1156549-000), "Currently your request is being reviewed by an analyst.  The analyst will confirm that all records are responsive to your

request and apply exemptions allowed under FOIPA.  If your request is for sensitive national security information, then the records must undergo a systematic declassification review prior to application of FOIPA exemptions."

106.    Pursuant to 5 USC § 552(a)(6)(A)(i), responses to Plaintiff's October 22, 2010 FOIA/PA request (unknown tracking number) and five February 11, 2011 FOIA/PA requests (which were all assigned the same tracking number, 1156549-000) regarding Miyun Park containing determinations about whether to comply with the requests were due within twenty working days after receipt of the requests.

107.    Although Plaintiff does not know the exact date that the FBI received his October 22, 2010 (unknown tracking number) and five February 11, 2011 FOIA/PA requests (1156549-000) regarding Miyun Park, the latest that the FBI could have received the requests regarding Miyun Park sent to FBI Headquarters was February 12, 2011, the date of the letter in which the FBI updated Plaintiff on the status of his request regarding Miyun Park; the latest that the FBI could have received the request regarding Miyun Park sent to the Washington, DC field office was March 1, 2011, the date of the letter in which the FBI acknowledge receipt of Plaintiff's FOIA/PA request regarding Miyun Park by the Washington, DC field office; the latest that the FBI could have received the request regarding Miyun Park sent to the Baltimore, MD field office was February 18, 2011, the date of the letter in which the FBI acknowledge receipt of Plaintiff's FOIA/PA request regarding Miyun Park by the Baltimore, MD field office; the latest that the FBI could have received the request regarding Miyun Park sent to the Norfolk, VA field office was February 16, 2011, the date of the letter in which the FBI acknowledge receipt of Plaintiff's FOIA/PA request regarding Miyun Park by the Norfolk, VA field office; the latest that the FBI could have received the request regarding Miyun Park sent to the New York, NY field office was February 28, 2011, the date of the letter in which the FBI

acknowledge receipt of Plaintiff's FOIA/PA request regarding Miyun Park by the New York, NY field office.

108.    The FBI's response to Plaintiff's FOIA/PA request regarding Miyun Park sent to FBI Headquarters was due, at the latest, twenty working days after February 12, 2011, which would have been March 14, 2011.  The FBI's response to Plaintiff's FOIA/PA request regarding Miyun Park sent to the FBI Washington, DC field office was due, at the latest, twenty working days after March 1, 2011, which would have been March 29, 2011.  The FBI's response to Plaintiff's FOIA/PA request regarding Miyun Park sent to the FBI Baltimore, MD field office was due, at the latest, twenty working days after February 18, 2011, which would have been March 21, 2011.  The FBI's response to Plaintiff's FOIA/PA request regarding Miyun Park sent to the FBI Norfolk, VA field office was due, at the latest, twenty working days after February 16, 2011, which would have been March 17, 2011.  The FBI's response to Plaintiff's FOIA/PA request regarding Miyun Park sent to the FBI New York, NY field office was due, at the latest, twenty working days after February 28, 2011, which would have been March 28, 2011.

109.    As of the filing of this Complaint, Plaintiff has not received responses to his October 22, 2010 FOIA/PA request (unknown tracking number) and February 11, 2011 FOIA/PA requests regarding Miyun Park (1156549-000) with determinations as to whether the FBI will comply with the requests.

110.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his October 22, 2010 FOIA/PA request (unknown tracking number) and February 11, 2011 FOIA/PA requests (1156549-000) because the FBI has failed to comply with the statutory time limit.

### THE GINA LYNN REQUEST

111.    On July 7, 2011, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 4197) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Gina Lynn[.]"  Plaintiff included a privacy waiver signed by Gina Lynn.

112.    In a letter sent to Plaintiff dated August 9, 2011, the FBI acknowledged receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1170870-000.

113.    Although Plaintiff does not know the exact date that the FBI received his FOIA/PA request (1170870-000), the latest that the FBI could have received the request was on August 9, 2011, the date of the letter in which FBI acknowledged receipt of the FOIA/PA request (1170870-000).

114.    The FBI's response to Plaintiff's FOIA/PA request (1170870-000) was due, at the latest, twenty working days after August 9, 2011, which would have been September 7, 2011.

115.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA/PA request (1170870-000) with a determination as to whether the FBI will comply with the request.

116.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1170870-000)  because the FBI has failed to comply with the statutory time limit.

22

## THE SARAH JANE BLUM REQUESTS

117.    On May 27, 2011, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Sarah Jane Blum (aka Sarahjane Blum)[.]"  Plaintiff included a privacy waiver signed by Sarah Jane Blum.

118.    Plaintiff has not received an acknowledgment with respect to his May 27, 2011 FOIA/PA request to the FBI described in the previous paragraph.  However, Plaintiff did receive a letter from the FBI dated June 8, 2011 regarding Plaintiff's May 27, 2011 FOIA/PA request described in the previous paragraph which informed him that the FBI was "unable to identify responsive main files."  The June 8, 2011 letter from the FBI further indicated that Plaintiff's May 27, 2011 FOIA/PA request described in the previous paragraph had been assigned tracking number 1167305-000.

119.    On August 10, 2011, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 8637) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Sarah Jane Blum (aka Sarahjane Blum)[.]"  Plaintiff's FOIA/PA request noted that he had previously submitted a privacy waiver from Sarah Jane Blum.

120.    Based on information from the United States Postal Service, Plaintiff's FOIA/PA request described in the previous paragraph arrived at the FBI on August 12, 2011.  In a letter sent to Plaintiff dated September 27, 2011, the FBI acknowledged

23

receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1167305-001.

121.    The FBI's response to Plaintiff's FOIA/PA request (1167305-001) was due twenty working days after the FBI received it on August 12, 2011, which would have been September 12, 2011.

122.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA/PA request (1167305-001) with a determination as to whether the FBI will comply with the request.

123.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1167305-001) because the FBI has failed to comply with the statutory time limit.


<u>COUNT I:</u>
<u>VIOLATION OF FOIA</u>

124.    This Count realleges and incorporates by reference all of the preceding paragraphs.

125.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA/PA request regarding ADL (tracking number 1157033-000).

126.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA/PA request regarding No Compromise (tracking number 1156579-000).

127.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA/PA request regarding Lindsay Parme (tracking number 1156661-000).

128.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA/PA request regarding Kimberly Ann Berardi (tracking number 1169365-000).

129.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA/PA request regarding Freeman Wicklund (tracking number 1167538-000).

130.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA/PA request regarding Patrick Kwan (tracking number 1169433-000).

131.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA/PA request regarding Peter George Schnell (tracking number 1169971-000).

132.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA/PA request regarding Adam Weissman (tracking number 1169475-000).

133.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA/PA request regarding Andrea Joan Lindsay (tracking number 1169594-000).

134.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA/PA request regarding Josh Trenter (tracking number 1169943-000).

135.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA/PA request regarding Joseph W. Bateman (tracking number 1169964-000).

136.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA/PA request regarding David Patrick Hayden (tracking number 1169999-000).

137.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA/PA requests regarding Miyun Park (unknown tracking number and tracking number 1156549-000).

138.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA/PA request regarding Gina Lynn (tracking number 1170870-000).

139.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA/PA request regarding Sarah Jane Blum (tracking number 1167305-001).


PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:


(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Enjoin Defendant from continuing to withhold the records responsive to Plaintiff's FOIA/PA requests and otherwise order Defendant to produce the requested records without further delay;

(3) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i); and

(4) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,


  /s/ Jeffrey Light
_____

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington , DC 20006
(202)277-6213

*Counsel for Plaintiff*