UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RYAN NOAH SHAPIRO, | ) | |
| | ) | |
| PLAINTIFF | ) | Civil Action No. 1:12-cv-313 (BAH) |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |
| _____ | ) | |

**FIRST AMENDED COMPLAINT**

THE PARTIES

1.      Plaintiff Ryan Noah Shapiro is a citizen of Massachusetts residing at 12 James Way, Cambridge, MA 02141.

2.      Plaintiff is a longtime animal rights activist and now is a Ph.D. candidate in the Department of Science, Technology, & Society at the Massachusetts Institute of Technology.  Plaintiff's research focuses on disputes over animals and national security from the late nineteenth century to the present.  A core focus of Plaintiff's research is the substantial role played by federal law enforcement agencies in conflicts over animal use and protection.  In particular, Plaintiff's research explores the nature and evolution of federal law enforcement agencies' understanding and handling of the animal rights and animal protection movements from the Cold War era to the present. To this end, numerous leading animal rights activists from the 1970's through today have signed privacy waivers allowing Plaintiff to request their records through the Freedom of Information Act.

3.      Plaintiff's research dovetails with that of scholars and journalists analyzing today's "Green Scare."  As defined by award-winning journalist and author Will Potter, the Green Scare is the ongoing "disproportionate, heavy-handed government crackdown on the animal rights and environmental movements, and the reckless use of the word 'terrorism'" in the process.  *See* http://www.greenisthenewred.com/blog/green-scare.  Supporting this understanding is the FBI's 2005 designation of the animal rights and environmental movements as the leading domestic terror threats despite the fact that neither movement has ever physically injured a single person in the movements' decades of existence in the United States.  *See* http://www.cnn.com/2005/US/08/24/schuster.column/index.html.  Likewise, the FBI-supported 2006 passage of the Animal Enterprise Terrorism Act (AETA) has been widely condemned as a pernicious infringement upon protected speech and an effort to employ the rhetoric and apparatus of national security to marginalize animal protectionists as threats to American security. The New York-based Center for Constitutional Rights filed a federal lawsuit this past December in Boston challenging the constitutionality of the AETA.  *See* http://www.theatlantic.com/national/archive/2011/12/trust-us-legislation-when-protest-becomes-an-act-of-terror/250580.  Plaintiff is one of five plaintiffs in the lawsuit challenging the AETA.

4.      Defendant Department of Justice (DOJ) is an agency of the United States.

5.      The Federal Bureau of Investigation (FBI) is a component of the DOJ. The FBI has possession, custody and control of records that the Plaintiff seeks.

6.      The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) is a component of the DOJ.  The ATF has possession, custody and control of records that the Plaintiff seeks.

2

JURISDICTION AND VENUE

7.      This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552 and the Privacy Act of 1974 ("PA"), 5 USC § 552a.

8.      This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B) and 5 USC § 552a(g)(1)(B).

9.      Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B) and 5 USC § 552a(g)(5).


STATEMENT OF FACTS

**BACKGROUND ON COMPASSION OVER KILLING (COK)**

10.      Compassion Over Killing (COK) is a leading animal rights organization based out of Takoma Park, MD.


**BACKGROUND ON ANIMAL RIGHTS OPPOSITION GROUPS**

11.      The Foundation for Biomedical Research (FBR), the National Association for Biomedical Research (NABR), Americans for Medical Progress (AMP), and the American Medical Association (AMA) are all leading professional advocates of animal experimentation and leading professional opponents of the animal rights movement.

12.      The Center for Consumer Freedom (CCF) and the National Animal Interest Alliance (NAIA) are leading professional opponents of the animal rights movement.

13.      The Fur Information Council of America (FICA) is a leading professional advocate of the fur trade and a leading professional opponent of the animal rights movement.

14.      Perceptions International (PI) was a corporate intelligence and security firm and a leading professional opponent of the animal rights movement

15.    The United States Surgical Corporation (USSC) is a manufacturer of surgical staplers, a longtime target of animal rights protests, and a leading professional opponent of the animal rights movement.

### BACKGROUND ON JOSEPH BUDDENBERG

16.    Joseph Buddenberg is a leading animal rights activist and one of the "AETA 4," a group of four animal rights activists prosecuted under the controversial federal Animal Enterprise Terrorism Act (AETA) for acts including writing anti-animal experimentation slogans on the sidewalk in chalk.

### BACKGROUND ON FRIENDS OF ANIMALS (FOA)

17.    Friends of Animals (FOA) is a longtime leading animal rights organization.

### BACKGROUND ON JULIE ELIZABETH LEWIN

18.    Julie Elizabeth Lewin is a longtime leading animal rights activist.

### BACKGROUND ON MERCY FOR ANIMALS (MFA)

19.    Mercy for Animals (MFA) is a leading animal rights organization.

### BACKGROUND ON NATHAN DONALD RUNKLE

20.    Nathan Donald Runkle is a longtime leading animal rights activist and the founder of the leading animal rights organization Mercy for Animals.

## BACKGROUND ON RODNEY ADAM CORONADO

21.    Rodney Adam Coronado is a longtime leading animal rights activist and a convicted member of the underground Animal Liberation Front (ALF).

## BACKGROUND ON STEVEN PAUL BEST

22.    Steven Paul Best is a longtime leading animal rights activist, a co-founder of the North American Animal Liberation Press Office (NAALPO), and an associate professor of philosophy at the University of Texas, El Paso.

## BACKGROUND ON THE UTAH ANIMAL RIGHTS COALITION (UARC) AND THE UNITED ANIMAL RIGHTS COALITION (UARC)

23.    The Utah Animal Rights Coalition (UARC) and the United Animal Rights Coalition (UARC) are leading Utah-based animal rights organizations.

## BACKGROUND ON SEAN DIENER

24.    Sean Diener is a longtime leading animal rights activist and co-founder of the animal rights organizations Utah Animal Rights Coalition (UARC) and United Animal Rights Coalition (UARC).

## BACKGROUND ON LAUREN BETH GAZZOLA

25.    Lauren Beth Gazzola is a longtime leading animal rights activist. Ms. Gazzola has been a leading activist with the Animal Defense League (ADL) and Stop Huntington Animal Cruelty (SHAC). For her work with SHAC, Ms. Gazzola was controversially convicted under the federal Animal Enterprise Protection Act (AEPA). Ms. Gazzola is also currently a plaintiff in a lawsuit challenging the constitutionality of

the AEPA's successor act, the controversial federal Animal Enterprise Terrorism Act (AETA).

## BACKGROUND ON MICHAEL A. BUDKIE

26.     Michael A. Budkie is a longtime leading animal rights activist and founder of the anti-animal experimentation organization Stop Animal Exploitation Now (SAEN).

## BACKGROUND ON PETER DANIEL YOUNG

27.     Peter Daniel Young is a longtime leading animal rights activist and a convicted member of the underground Animal Liberation Front (ALF).

## BACKGROUND ON RICK A. BOGLE

28.     Rick A. Bogle is a longtime leading animal rights activist and opponent of animal experimentation.

## BACKGROUND ON STEPHEN OMAR HINDI

29.     Stephen Omar Hindi is a longtime leading animal rights activist and founder of the Chicago Animal Rights Coalition (CHARC) and Showing Animals Respect and Kindness (SHARK).

## BACKGROUND ON ALLISTON HELENE LANCE WATSON

30.     Allison Helene Lance Watson (aka Allison Helene Lance) is a longtime leading animal rights activist. She is also the ex-wife of (the animal rights and environmental organization) Sea Shepherd founder Paul Watson.

**BACKGROUND ON THE FUND FOR ANIMALS (FFA)**

31.    The Fund for Animals (FFA) was a leading animal rights organization.

**BACKGROUND ON DALLAS RACHAEL RISING**

32.    Dallas Rachael Rising is a Minneapolis-based longtime leading animal rights activist.

**BACKGROUND ON IVER R. JOHNSON III**

33.    Iver (aka Jay) R. Johnson III is a longtime leading animal rights activist and currently a plaintiff in a lawsuit challenging the constitutionality of the controversial federal Animal Enterprise Terrorism Act (AETA).

**BACKGROUND ON KEVN RICH OLLIFF**

34.    Kevin Rich Olliff is a leading California-based animal rights activist.

**BACKGROUND ON THE "ANIMAL LIBERATION FRONT" CONFERENCE**

35.    The FBI's March 1-4, 1994 "Animal Liberation Front Conference" at the FBI Academy in Quantico, Virginia was an important event in the evolution of the FBI's understanding and handling of the animal rights movement.

**BACKGROUND ON THE AMERICAN ANTI-VIVISECTION SOCIETY (AAVS)**

36.    Founded in 1883, the Pennsylvania-based American Anti-Vivisection Society (AAVS) is the oldest organization opposing animal experimentation in the United States.  AAVS remains active today.

## BACKGROUND ON THE NEW ENGLAND ANTI-VIVISETION SOCIETY (NEAVS)

37.     Founded in 1895, the New England Anti-Vivisection Society (NEAVS) is one of the oldest organizations opposing animal experimentation in the United States. NEAVS remains active today.

## BACKGROUND ON THE NATIONAL ANTI-VIVISECTION SOCIETY (NAVS)

38.     Founded in 1929, the National Anti-Vivisection Society (NAVS) is one of the oldest organizations opposing animal experimentation in the United States.  NAVS remains active today.

## BACKGROUND ON KELLY ANN HIGGINS

39.     Kelly Ann Higgins is a longtime leading animal rights activist. Among other organizations, Higgins has been associated with the Animal Defense League (ADL), Stop Huntington Animal Cruelty (SHAC), and the Sea Shepherd Conservation Society (SSCS).

## BACKGROUND ON THE ANIMAL LIBERATION FRONT

40.     The Animal Liberation Front (ALF) is an underground direct action animal rights organization. The ALF was the first animal rights organization intensively investigated by the FBI, as well as the first animal rights organization designated by the FBI as a terrorist group. A February 1989 California DOJ report, "Criminal Activities Within the Animal Rights Movement," speaks directly to federal and state law enforcement understanding and handling of the animal rights movement at the onset of serious law enforcement attention to the movement in the state in which that attention

8

first occurred.

## BACKGROUND ON THE USSC ATTEMPTED BOMBING

41.     The events surrounding the November 1988 attempted bombing at the
U.S. Surgical Corporation (USSC) are of great significance to ongoing controversies at
the intersections of the animal rights movement, federal law enforcement, federal
legislation, and corporate power.  USSC founder and chairman Leon Hirsch was
frustrated at the inability or unwillingness of law enforcement to prevent animal rights
protests of his company over USSC's lethal use of live dogs in routine sales pitches for
the company's primary product, surgical staplers.  Accordingly, Hirsch contracted the
corporate intelligence and security firm Perceptions International (PI) to infiltrate and
disrupt the animal rights movement.  To this end, PI sent professional spy Mary Lou
Sapone to infiltrate the animal rights movement. Sapone succeeded in this effort, even
assuming the presidency of a local animal rights group.

42.     Sapone's most impressive accomplishment while undercover within the
movement involved her befriending of NYC-based animal rights activist, and fierce
opponent of USSC's killing of dogs, Stephanie Fran Trutt.  At PI's behest, Sapone and
another PI employee, Marcus Mead, convinced Trutt to bomb Hirsch at USSC
headquarters. The ATF had at least some knowledge of these events, although the exact
nature and extent of the ATF's involvement in this affair remains unknown. On the
evening of November 11, 1988, Mead drove Trutt from NYC to USSC in Norwalk, CT to
carry out the attack. A police SWAT team was waiting and arrested Trutt as she placed
the bomb.

43.     Trutt eventually pled guilty to state and federal charges and served one
year in prison. The case received extensive press coverage and Hirsch, USSC, and even

the Department of Justice, loudly touted the case as proof of the terrorist nature of the animal rights movement and of the need for controversial new laws explicitly targeting animal rights and environmental activists. Many in the animal rights movement and the press were disappointed by Trutt's decision to accept plea agreements, thereby avoiding trials that would have shed light on the shrouded and deeply troubling series of events surrounding the case. As a result, the exact nature of the relationships between federal law enforcement (including the ATF), local law enforcement, corporate interests, private security firms, and the animal rights movement in co-producing a high-profile terrorist attack, and the crucial notion of "animal rights terrorism" that was dramatically strengthened as a result of the affair, remain concealed from the public.

## BACKGROUND ON LAST CHANCE FOR ANIMALS (LCA)

44.     Founded in the early 1980's and still active today, Los Angeles-based Last Chance for Animals (LCA) is a seminal American animal rights organization.  Basing their protest tactics and strategies on the writings of Martin Luther King, Jr. and Mahatmas Gandhi, LCA pioneered the use of nonviolent civil disobedience to advocate for the rights of animals.  LCA campaigned tirelessly against animal experimentation and pet theft for sale to animal experimentation laboratories.  In no small part due to LCA's high profile campaigns against animal experimentation at UCLA and Cedars-Sinai Medical Center, in the late 1980's LCA was one of the first animal rights groups to be the subject of intensive investigation by the FBI.

45.     The following individuals, whose records are sought by Plaintiff in this suit, were or are all leading activists affiliated with LCA or the broader California animal rights movement of the mid- to late-1980's and early 1990's: Aaron Glenn Leider, Chris

DeRose, Jack D. Carone, Linda "Margo" T. Tannenbaum, Crescent Vellucci, Jonathan Christopher Mark Paul, Leslie Stewart, Sheila Laracy, and Henry Hutto.

46.    The Animal Liberation Front Supporters Group (ALFSG) was for a time closely affiliated with LCA. During that time, Linda "Margo" T. Tannenbaum served as spokesperson for both groups. The ALFSG was an aboveground animal rights organization that functioned as a liaison between the Animal Liberation Front (ALF) and the media, as well as promoted aboveground support for the ALF.

**BACKGROUND ON ANIMAL DEFENSE LEAGUE (ADL)**

47.    Founded in the mid-1990s, the Animal Defense League (ADL) is a militant, grassroots animal rights organization with non-centralized chapters across the country.  Utilizing street protests and acts of civil disobedience, ADL chapters have aggressively protested a wide range of animal exploitation and abuses including the fur trade, animal circuses, hunting, and animal experimentation.  ADL chapters have also educated the public about factory farming and advocated for adoption of vegan eating. ADL was most active in the mid- to late-1990s, but new chapters continue to form.

48.    Closely allied with ADL, No Compromise was a leading militant, grassroots animal rights magazine from roughly 1995-2005.  No Compromise now continues as a website, www.nocompromise.org.

49.    The following individuals, whose records are sought by Plaintiff in this suit, were or are all leading activists affiliated with ADL, No Compromise, or other animal rights organizations closely associated with ADL and No Compromise: Lindsay Parme, Kimberley Ann Berardi, Freeman Wicklund, Patrick Kwan, Peter George Schnell, Adam Weissman, Andrea Joan Lindsay, Josh Trenter, Joseph W. Bateman, David Patrick Hayden, Miyun Park, Gina Lynn, and Sarah Jane Blum.

**BACKGROUND ON WILL POTTER AND *GREEN IS THE NEW RED***

50.    Will Potter is an award-winning independent journalist based in Washington, D.C., who focuses on "eco-terrorism," the animal rights and environmental movements, and civil liberties in the post-9/11 era. Mr. Potter's work has appeared in publications including the Chicago Tribune, the Huffington Post, and the Vermont Law Review, and he has testified before the U.S. Congress about his reporting. Mr. Potter is the author of *Green Is the New Red: An Insider's Account of a Social Movement Under Siege* (GNR) published in 2011 by City Lights Books. Kirkus reviews named the book one of the "Best Books of 2011."

51.    Mr. Potter also runs the related website and news blog www.GreenIsTheNewRed.com (GNR). GNR reports regularly on what Potter has coined the "Green Scare." As defined by Potter, the Green Scare is the ongoing "disproportionate, heavy-handed government crackdown on the animal rights and environmental movements, and the reckless use of the word 'terrorism'" in the process. As such, GNR reports regularly on the operations of the FBI, especially as those operations relate to the animal rights and environmental movements in particular, and to civil liberties more broadly. As described on www.greenisthenewred.com, GNR "focuses on how fear of 'terrorism' is being exploited to push a political and corporate agenda. Specifically, [GNR] focus[es] on how animal rights and environmental advocates are being branded 'eco-terrorists' in what many are calling the Green Scare."

**BACKGROUND ON SCREAMING WOLF AND *A DECLARATION OF WAR***

52.    Screaming Wolf is the pseudonymous name adopted by the unknown author of the notorious 1991 publication, *A Declaration of War: Killing People to Save Animals and the Environment*.

53.    Though *A Declaration of War* is attributed to Screaming Wolf, Screaming Wolf himself admits the name is a pseudonym. Screaming Wolf identifies himself as an animal liberator and a disgruntled former member of the ALF who came to reject the ALF's central creed of non-violence.

54.    *A Declaration of War* was originally published in 1991 by two animal rights activists who claim that a computer disk containing the manuscript of *A Declaration of War* arrived with their mail at their California home on January 18, 1991. The two activists claim they had/have no knowledge of who "Screaming Wolf" might be, and that they simply published the text exactly as they received it (other than the inclusion of a brief introduction written by the activists detailing the surprise arrival of the disk).

55.    *A Declaration of War* remains hotly contested. Many animal rights activists suspect an animal industry group, or even the FBI itself, is actually the true author of the publication attributed to "Screaming Wolf." Conversely, some animal industry groups and spokespersons suspect the publication is actually the product of mainstream aboveground animal rights activists rather than the supposedly marginal underground pseudonymous character, Screaming Wolf.

56.    Whatever its true source, the publication attributed to Screaming Wolf has long served a prominent place in high profile controversies over federal legislation, federal law enforcement, alleged violence, and the animal rights movement. The Department of Justice itself even pointedly included discussion of Screaming Wolf and *A Declaration of War: Killing People to Save Animals and the Environment* in the DOJ's influential 1993 "Report to Congress on the Extent and Effects of Domestic and International Terrorism in Animal Enterprises." This "Report" is still cited today in controversies over government operations and the animal rights movement.

## BACKGROUND ON THE MURDER OF HYRAM KITCHEN

57.    On February 8, 1990, at roughly 6:45 am, Hyram Kitchen, Dean of the College of Veterinary Medicine at the University of Tennessee, was found shot to death in the driveway of his home in North Knox County, Tennessee. Since that time, Dr. Kitchen's murder has repeatedly served a prominent place in high profile controversies over federal law enforcement operations, federal legislation, government and law enforcement relationships with industry groups, alleged violence, and the animal rights movement.

58.    Dr. Kitchen's murder was first investigated by the Knox County Sheriff's Office and then by the FBI. As made clear in documents released to Plaintiff by the FBI in the course of a separate FOIA request, FBI involvement in the investigation of Dr. Kitchen's murder was the result of a belief (in part related to an alert issued through the National Crime Information Center based upon information provided to law enforcement by individuals associated with animal industry groups) that animal rights activists in general, and possibly members of the Animal Liberation Front (ALF) in particular, may have been responsible for the murder. The FBI at that time was engaged in a full field investigation of the ALF. Possible animal rights/ALF involvement in Dr. Kitchen's murder therefore warranted federal investigation. As also made clear in the documents released by the FBI to Plaintiff, this belief in a possible animal rights/ALF connection to Dr. Kitchen's murder was based upon "totally uncorroborated" and at times even untraceable information. Subsequently, after investigating Dr. Kitchen's murder, both the FBI and the Knox County Sheriff's Office determined that neither animal rights activists in general, nor members of the ALF in particular, were involved in Dr. Kitchen's murder. This determination removed the justification for federal investigation of the case, and the

FBI thereafter ceased investigative efforts. The FBI's investigation of this matter has now been concluded for more than three decades.

59.     The documents released by the FBI to Plaintiff also contain extensive information about the FBI and Knox County Sheriff's Office investigations of Dr. Kitchen's murder. These released documents include dozens of pages of detailed information including intimate details of the crime, the suspect, and the weapon used, the evolution and progression of the investigation, detailed descriptions of the leading theories of the crime under investigation, detailed information about evidence, leads, and the results of investigation of those leads, specific details of interviews with witnesses and other sources of information about the case, the successes and shortcomings of the investigation, and ultimately the FBI's completion and termination of its investigation.

60.     Despite the FBI's determination that animal rights activists were not involved in Dr. Kitchen's murder, the FBI never made this fact publicly known (until the recent FOIA release to Plaintiff of the above-referenced documents). Further, also despite the "totally uncorroborated" nature of the information linking animal rights activists to the murder, and despite the FBI's ultimate determination that animal rights activists were not involved in the murder, the alleged potential involvement of animal rights activists in Dr. Kitchen's murder was utilized by both the FBI and the Department of Justice when making subsequent arguments concerning the potentially violent nature of the animal rights movement. The DOJ even included discussion of possible animal rights involvement in Dr. Kitchen's murder in its influential 1993 "Report to Congress on the Extent and Effects of Domestic and International Terrorism in Animal Enterprises." This DOJ report was associated with the passage of the controversial Animal Enterprise Protection Act. This DOJ "Report to Congress," including it's discussion of possible animal rights involvement in Dr. Kitchen's murder, has since been widely cited by

animal industry groups seeking to portray the animal rights movement as violent. Even the United States Department of Homeland Security itself recently funded a study analyzing animal rights violence in the context of "the Kitchen assassination."

## BACKGROUND ON CAMILLE MARINO

61.    Camille Marino is one of the most controversial animal rights activists in the United States today. Her high-profile, aggressive tactics have made her a target of state prosecution and federal investigation.

## THE RYAN NOAH SHAPIRO REQUESTS

62.    In September or October 2008, Plaintiff sent a FOIA/PA request to the FBI via First Class mail requesting a copy of any records pertaining to him.

63.    In a letter sent to Plaintiff dated October 17, 2008, the FBI acknowledged receipt of Plaintiff's FOIA/PA request and assigned it tracking number 1121258-000.

64.    Plaintiff received a letter dated October 30, 2008 from the FBI indicating that no responsive records could be found.

65.    On May 26, 2011, Plaintiff again sent a FOIA/PA request to the FBI via First Class mail requesting a copy of any records pertaining to him. This time, Plaintiff specifically requested that the FBI conduct a main file and a cross-reference search as well as Headquarters, Field Office, and Task Force Office searches, ELSUR, MISUR, FISUR searches, and electronic and paper searches.

66.    Plaintiff received a letter dated June 2, 2011 from the FBI indicating that no responsive records could be found. This letter further indicated that Plaintiff's May 26, 2011 request had been assigned tracking number 1167292-000.

67.    On June 8, 2011, Plaintiff again sent a FOIA/PA request to the FBI via First Class mail requesting a copy of any records pertaining to him.  Plaintiff specifically requested that the FBI conduct a main file and a cross-reference search as well as Headquarters, Field Office, and Task Force Office searches, ELSUR, MISUR, FISUR searches, and electronic and paper searches.  Plaintiff also provided the FBI with additional information to use in locating records responsive to his request which Plaintiff obtained through documents released to him as a result of a request of previous FOIA requests.  This additional information included references which explicitly and implicitly reveal the existence of investigations of Plaintiff. This additional information also included information about other animal rights groups and campaigns and individuals with which Plaintiff was involved which may have been of investigative interest to the FBI.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

68.    In a letter sent to Plaintiff dated June 16, 2011, the FBI acknowledged receipt of Plaintiff's FOIA/PA request and assigned it tracking number 1167292-001.

69.    On July 22, 2011, Plaintiff sent a letter to Dennis J. Argall, Public Liaison Officer and Assistant Section Chief, via Priority mail (0310 2010 0002 0396 9659) which was received by the FBI on July 25, 2011.  The letter detailed multiple search failures on the part of the FBI in response to previous requests made by Plaintiff, including the above-discussed requests for information pertaining to Plaintiff.

70.    Pursuant to 5 USC § 552(a)(6)(A)(i), a response to Plaintiff's June 8, 2011 FOIA/PA request was due within 20 working days, or July 15, 2011.

71.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies because Defendant has failed to comply with the statutory time limit.

17

72.     On information and belief, the FBI maintains files and/or subfiles on Plaintiff in its Central Records System (CRS).

## THE COMPASSION OVER KILLING (COK) REQUESTS

73.     On or about January 31, 2010, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of any records pertaining to the organization Compassion Over Killing (COK).

74.     Plaintiff received a letter dated March 1, 2010 from the FBI indicating that no responsive records could be found.  This letter further indicated that Plaintiff's January 31, 2010 request had been assigned tracking number 1143759-000.

75.     On January 18, 2011, Plaintiff sent a FOIA request to the Washington, D.C. Field Office of the FBI via First Class mail requesting a copy of any records pertaining to the organization COK.  Plaintiff specifically requested that the FBI conduct a main file and a cross-reference search as well as ELSUR and MISUR searches. Plaintiff also provided the FBI with additional information to use in locating records responsive to his request which Plaintiff obtained through documents released to him as a result of a request of previous FOIA requests.  This additional information included references which clearly and repeatedly reveal the existence of investigations by the Washington Field Office of the FBI of COK.

76.     Plaintiff received a letter dated February 4, 2011 from the FBI indicating that no responsive records could be found.  This letter further indicated that Plaintiff's January 18, 2011 request to the Washington Field Office had been assigned tracking number 1160815-000.  This letter also indicated that if Plaintiff had additional information pertaining to the subject which shows that COK was of investigative interest to the FBI, the FBI would conduct a further search if Plaintiff provided that information.

77.     On February 10, 2011, Plaintiff sent a FOIA request to the FBI via First

Class mail requesting a copy of any records pertaining to the organization COK. Plaintiff

provided information to the FBI which shows that COK was of investigative interest to

the FBI and requested an additional search be performed. Specifically, Plaintiff

submitted a CD containing pages from documents which were released to Plaintiff as a

result of his previous FOIA requests. Plaintiff specifically requested that the FBI conduct

a main file and a cross-reference search. Plaintiff's FOIA request and any attachments

are incorporated by reference as if set forth fully herein.

78.     The FBI has not responded to Plaintiff's February 10, 2011 FOIA request.

79.     Pursuant to 5 USC § 552(a)(6)(A)(i), a response to Plaintiff's February 10,

2011 FOIA request was due within 20 working days, or March 11, 2011.

80.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his

administrative remedies because Defendant has failed to comply with the statutory time

limit.

81.     On information and belief the FBI maintains files and/or subfiles on COK

in its Central Records System (CRS).

82.     On March 9, 2011, Plaintiff sent a FOIA request to the FBI via First Class

mail requesting a copy of any records pertaining to the organization COK. Plaintiff

provided information to the FBI which shows that COK was of investigative interest to

the FBI and requested an additional search be performed. Specifically, Plaintiff

submitted a CD containing pages from documents which were released to Plaintiff as a

result of his previous FOIA requests explicitly demonstrating FBI investigative interest in

COK. Plaintiff also included the names of individuals who are shown by the FOIPA

release to be subjects of the investigation of COK by the FBI. Plaintiff specifically

requested that the FBI conduct a main file and a cross-reference search and ELSUR and

19

MISUR searches.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

83.    In a letter sent to Plaintiff dated March 24, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request and assigned it tracking number 1143759-001.

84.    Pursuant to 5 USC § 552(a)(6)(A)(i), a response to Plaintiff's March 9, 2011 FOIA request was due within 20 working days, or April 21, 2011.

85.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies because Defendant has failed to comply with the statutory time limit.

86.    On January 18, 2011, Plaintiff sent a FOIA request to the Baltimore, MD Field Office of the FBI via First Class mail requesting a copy of any records pertaining to the organization COK.  Plaintiff specifically requested that the FBI conduct a main file and a cross-reference search as well as ELSUR and MISUR searches.  Plaintiff also provided the FBI with additional information to use in locating records responsive to his request which Plaintiff obtained through documents released to him as a result of a request of previous FOIA requests.  This additional information included references which clearly and repeatedly reveal the existence of investigations by the FBI of COK. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

87.    Plaintiff received a letter dated February 9, 2011 from the FBI indicating that no responsive records could be found.  This letter further indicated that Plaintiff's January 18, 2011 request to the Baltimore Field Office had been assigned tracking number 1161231-000.

## THE FOUNDATION FOR BIOMEDIAL RESEARCH (FBR) REQUEST

88. On July 26, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 0754) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the below-listed organizations, as well as any agents, representatives, print, digital, or other materials, periodicals, websites, email lists, and/or databases thereof . . . Foundation for Biomedical Research (FBR)[.]"  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

89. Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on July 28, 2011.  In a letter sent to Plaintiff dated August 22, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1171759-000.

90. Defendant's response to Plaintiff's FOIA request (1171759-000) was due twenty working days after the FBI received it on July 28, 2011, which would have been August 25, 2011.

91. As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1171759-000) with a determination as to whether the FBI will comply with the request.

92. Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1171759-000) because the FBI has failed to comply with the statutory time limit.

## THE NATIONAL ASSOCIATION FOR BIOMEDICAL RESEARCH (NABR) REQUEST

93. On July 26, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 0754) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the below-listed organizations, as well as any agents, representatives, print, digital, or other materials, periodicals, websites, email lists, and/or databases thereof . . . National Association for Biomedical Research (NABM)[.]" Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

94. Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on July 28, 2011. In a letter sent to Plaintiff dated August 22, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1171759-000.

95. Defendant's response to Plaintiff's FOIA request (1171768-000) was due twenty working days after the FBI received it on July 28, 2011, which would have been August 25, 2011.

96. As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1171768-000) with a determination as to whether the FBI will comply with the request.

97. Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1171768-000) because the FBI has failed to comply with the statutory time limit.

### THE AMERICANS FOR MEDICAL PROGRESS (AMP) REQUEST

98. On July 26, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 0754) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the below-listed organizations, as well as any agents, representatives, print, digital, or other materials, periodicals, websites, email lists, and/or databases thereof . . . Americans for Medical Progress (AMP)[.]" Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

99. Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on July 28, 2011. In a letter sent to Plaintiff dated September 6, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1172386-000.

100.    Defendant's response to Plaintiff's FOIA request (1172386-000) was due twenty working days after the FBI received it on July 28, 2011, which would have been August 25, 2011.

101.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1172386-000) with a determination as to whether the FBI will comply with the request.

102.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1172386-000) because the FBI has failed to comply with the statutory time limit.

### THE AMERICAN MEDICAL ASSOCIATION (AMA) REQUEST

103.     On August 5, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 3625) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the American Medical Association (AMA), as well as any agents, representatives, print, digital, or other materials, periodicals, websites, email lists, and/or databases thereof." Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

104.     Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on August 9, 2011. In a letter sent to Plaintiff dated August 18, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1171492-000.

105.     Defendant's response to Plaintiff's FOIA request (1171492-000) was due twenty working days after the FBI received it on August 9, 2011, which would have been September 7, 2011.

106.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1171492-000) with a determination as to whether the FBI will comply with the request.

107.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1171492-000) because the FBI has failed to comply with the statutory time limit.

**THE CENTER FOR CONSUMER FREEDOM (CCF) REQUEST**

108.    On July 26, 2011, Plaintiff sent a FOIA request to the FBI via United

States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010

0002 0397 0754) requesting a copy of "any and all records that were prepared, received,

transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task

Force, or any Joint Terrorism Task Force relating or referring to the below-listed

organizations, as well as any agents, representatives, print, digital, or other materials,

periodicals, websites, email lists, and/or databases thereof . . . Center for Consumer

Freedom (CCF)[.]" Plaintiff's FOIA request and any attachments are incorporated by

reference as if set forth fully herein.

109.    Based on information from the United States Postal Service, Plaintiff's

FOIA request described in the previous paragraph arrived at the FBI on July 28, 2011. In

a letter sent to Plaintiff dated September 6, 2011, the FBI acknowledged receipt of

Plaintiff's FOIA request described in the previous paragraph and assigned it tracking

number 1172382-000.

110.    Defendant's response to Plaintiff's FOIA request (1172382-000) was due

twenty working days after the FBI received it on July 28, 2011, which would have been

August 25, 2011.

111.    As of the filing of this Complaint, Plaintiff has not received a response to

his FOIA request (1172382-000) with a determination as to whether the FBI will comply

with the request.

112.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his

administrative remedies with regard to his FOIA request (1172382-000) because the FBI

has failed to comply with the statutory time limit.

**THE NATIONAL ANIMAL INTEREST ALLIANCE (NAIA) REQUEST**

113.     On July 26, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 0754) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the below-listed organizations, as well as any agents, representatives, print, digital, or other materials, periodicals, websites, email lists, and/or databases thereof . . . National Animal Interest Alliance (NAIA)[.]"  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

114.     Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on July 28, 2011.  In a letter sent to Plaintiff dated September 13, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1173044-000.

115.     Defendant's response to Plaintiff's FOIA request (1173044-000) was due twenty working days after the FBI received it on July 28, 2011, which would have been August 25, 2011.

116.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1173044-000) with a determination as to whether the FBI will comply with the request.

117.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1173044-000) because the FBI has failed to comply with the statutory time limit.

**THE FUR INFORMATION COUNCIL OF AMERICA (FICA) REQUEST**

118.    On July 26, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 0754) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the below-listed organizations, as well as any agents, representatives, print, digital, or other materials, periodicals, websites, email lists, and/or databases thereof . . . Fur Information Council of America (FICA)[.]"  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

119.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on July 28, 2011.  In a letter sent to Plaintiff dated September 23, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1173385-000.

120.    Defendant's response to Plaintiff's FOIA request (1173385-000) was due twenty working days after the FBI received it on July 28, 2011, which would have been August 25, 2011.

121.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1173385-000) with a determination as to whether the FBI will comply with the request.

122.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1173385-000) because the FBI has failed to comply with the statutory time limit.

## THE PERCEPTIONS INTERNATIONAL (PI) REQUEST

123.     On July 26, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 0754) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the below-listed organizations, as well as any agents, representatives, print, digital, or other materials, periodicals, websites, email lists, and/or databases thereof . . .Perceptions International (PI)[.]"  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

124.     Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on July 28, 2011.  In a letter sent to Plaintiff dated August 25, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1171597-000.

125.     Defendant's response to Plaintiff's FOIA request (1171597-000) was due twenty working days after the FBI received it on July 28, 2011, which would have been August 25, 2011.

126.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1171597-000) with a determination as to whether the FBI will comply with the request.

127.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1171597-000) because the FBI has failed to comply with the statutory time limit.

**THE UNITED STATES SURGICAL CORPORATION (USSC) REQUEST**

128.  On February 10, 2012, Plaintiff sent a FOIA request (including cover letter) to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0311 2550 0000 5175 7622) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the Terrorist Screening Center, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the United States Surgical Corporation (aka U.S. Surgical, aka USSC)[.]" Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

129.  Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on February 13, 2012.  In a letter sent to Plaintiff dated February 20, 2012, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1182729-000.

130.  Defendant's response to Plaintiff's FOIA request (1182729-000) was due twenty working days after the FBI received it on February 13, 2012, which would have been March 13, 2012.

131.  As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1182729-000) with a determination as to whether the FBI will comply with the request.

132.  Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1182729-000) because the FBI has failed to comply with the statutory time limit.

## THE JOSEPH BUDDENBERG REQUEST

133.     On July 12, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 8416) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Joseph Buddenberg."  The request included a privacy waiver signed by Joseph Buddenberg authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

134.     Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on July 14, 2011.  In a letter sent to Plaintiff dated August 1, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1170449-000.

135.     The FBI's response to Plaintiff's FOIA request (1170449-000) was due twenty working days after the FBI received it on July 14, 2011, which would have been August 11, 2011.

136.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1170449-00) with a determination as to whether the FBI will comply with the request.

137.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1170449-000) because the FBI has failed to comply with the statutory time limit.

## THE FRIENDS OF ANIMALS (FOA) REQUESTS

138.    On January 31, 2010, Plaintiff sent a FOIA request to FBI Headquarters via First Class mail requesting a copy of "any and all information pertaining to the organization the Friends of Animals (FOA)."

139.    Plaintiff received a letter from the FBI dated March 4, 2010 regarding his FOIA request (1143926-000), which is described in the previous paragraph, stating that the FBI was "unable to identify responsive main file records."

140.    On December 24, 2010, Plaintiff sent a FOIA request to the FBI New Haven, CT Field Office via First Class mail requesting a copy of "any and all information pertaining to the Connecticut-based organization the Friends of Animals (FOA).  This request includes, but is not limited to, any information on the long-raging conflict between FOA, the U. S. Surgical Corporation (U.S.S.C.), and/or U.S.S.C's hired agents [sic], Perceptions International (PI)."

141.    Plaintiff received a letter from the FBI dated January 19, 2011 regarding his FOIA request (1160275-000), which is described in the previous paragraph, stating that the FBI was "unable to identify responsive main file records."

142.    On December 24, 2010, Plaintiff sent a FOIA request to the FBI New York City Field Office via First Class mail requesting a copy of "any and all information pertaining to the organization the Friends of Animals (FOA).  This request includes, but is not limited to, any information on the long-raging conflict between FOA, the U. S. Surgical Corporation (U.S.S.C.), and/or U.S.S.C's hired agents [sic], Perceptions International (PI)."  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

143.    As of the date of filing of this Complaint, Plaintiff has not received an acknowledgment or any other correspondence from the FBI regarding his FOIA request described in the previous paragraph.

144.    On August 10, 2011, Plaintiff sent a FOIA request (including cover letter) to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 8637) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the Connecticut and New York-based animal rights organization Friends of Animals (FOA)."  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

145.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on August 12, 2011. In a letter sent to Plaintiff dated October 6, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1143926-001.

146.    Defendant's response to Plaintiff's FOIA request (1143926-001) was due twenty working days after the FBI received it on August 12, 2011, which would have been September 12, 2011.

147.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1143926-001) with a determination as to whether the FBI will comply with the request.

148.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1143926-001) because the FBI has failed to comply with the statutory time limit.

## THE JULIE ELIZABETH LEWIN REQUEST

149.    On July 20, 2011, Plaintiff sent a FOIA request (including cover letter) to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 9291) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Julie Elizabeth Lewin."  The request included a privacy waiver signed by Julie Elizabeth Lewin authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

150.    In a letter sent to Plaintiff dated August 15, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1171428-000.

151.    Although Plaintiff does not know the exact date that the FBI received his FOIA request (1171428-000), Defendant's response to Plaintiff's FOIA request (1171428-000) was due, at the latest, twenty working days after the FBI acknowledged receiving it on August 15, 2011, which would have been September 13, 2011.

152.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1171428-000) with a determination as to whether the FBI will comply with the request.

153.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1171428-000) because the FBI has failed to comply with the statutory time limit.

## THE MERCY FOR ANIMALS (MFA) REQUEST

154.     On August 10, 2011, Plaintiff sent a FOIA request (including cover letter) to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 8637) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the animal rights organization Mercy for Animals (MFA)." Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

155.     Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on August 12, 2011. In a letter sent to Plaintiff dated September 27, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1173573-000.

156.     Defendant's response to Plaintiff's FOIA request (1173573-000) was due twenty working days after the FBI received it on August 12, 2011, which would have been September 12, 2011.

157.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1173573-000) with a determination as to whether the FBI will comply with the request.

158.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1173573-000) because the FBI has failed to comply with the statutory time limit.

## THE NATHAN DONALD RUNKLE REQUEST

159.    On May 27, 2011, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Nathan Donald Runkle[.]"  The request included a privacy waiver signed by Nathan Donald Runkle authorizing disclosure of responsive records to Plaintiff.

160.    Plaintiff received a letter from the FBI dated June 10, 2011 regarding his FOIA request (1167308-000), which is described in the previous paragraph, stating that the FBI was "unable to identify responsive main file records."

161.    On August 10, 2011, Plaintiff sent a FOIA request (including cover letter) to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 8637) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Nathan Donald Runkle."  In this letter, Plaintiff noted that he had previously submitted a privacy waiver signed by Nathan Donald Runkle authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

162.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on August 12, 2011. In a letter sent to Plaintiff dated December 23, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1167308-001.

35

163.    Defendant's response to Plaintiff's FOIA request (1167308-001) was due twenty working days after the FBI received it on August 12, 2011, which would have been September 12, 2011.

164.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1167308-001) with a determination as to whether the FBI will comply with the request.

165.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1167308-001) because the FBI has failed to comply with the statutory time limit.


### THE RODNEY ADAM CORONADO REQUEST

166.    On December 5, 2011, Plaintiff sent a FOIA request (including cover letter) to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0311 2550 0001 9749 3309) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Rodney Adam Coronado." The request included a privacy waiver signed by Rodney Adam Coronado authorizing disclosure of responsive records to Plaintiff. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

167.    In a letter sent to Plaintiff dated December 14, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1179204-000.

168.    Although Plaintiff does not know the exact date that the FBI received his FOIA request (1179204-000), Defendant's response to Plaintiff's FOIA request

(1179204-000) was due, at the latest, twenty working days after the FBI acknowledged receiving it on December 14, 2011, which would have been January 13, 2012.

169.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1179204-000) with a determination as to whether the FBI will comply with the request.

170.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1179204-000) because the FBI has failed to comply with the statutory time limit.

## THE STEVEN PAUL BEST REQUEST

171.     On August 19, 2011, Plaintiff sent a FOIA request (including cover letter) to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0398 3426) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Steven Paul Best." The request included a privacy waiver signed by Steven Paul Best authorizing disclosure of responsive records to Plaintiff. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

172.     Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on August 22, 2011. In a letter sent to Plaintiff dated September 26, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1173506-000.

173.    Defendant's response to Plaintiff's FOIA request (1173506-000) was due twenty working days after the FBI received it on August 22, 2011, which would have been September 20, 2011.

174.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1173506-000) with a determination as to whether the FBI will comply with the request.

175.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1173506-000) because the FBI has failed to comply with the statutory time limit.

## THE UTAH ANIMAL RIGHTS COALITION / UNITED ANIMAL RIGHTS COALITION (UARC) REQUEST

176.    On September 8, 2011, Plaintiff sent a FOIA request (including cover letter) to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0308 0660 0001 4567 9579) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the animal rights organization Utah Animal Rights Coalition (UARC) and United Animal Rights Coalition (UARC)." Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

177.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on September 12, 2011. In a letter sent to Plaintiff dated September 23, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1173555-000.

178.     Defendant's response to Plaintiff's FOIA request (1173555-000) was due twenty working days after the FBI received it on September 12, 2011, which would have been October 10, 2011.

179.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1173555-000) with a determination as to whether the FBI will comply with the request.

180.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1173555-000) because the FBI has failed to comply with the statutory time limit.


**THE SEAN DIENER REQUEST**

181.     On July 26, 2011, Plaintiff sent a FOIA request (including cover letter) to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 0761) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Sean Diener."  The request included a privacy waiver signed by Sean Diener authorizing disclosure of responsive records to Plaintiff. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

182.     Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on July 28, 2011.  In a letter sent to Plaintiff dated August 23, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1171892-000.

183.     Defendant's response to Plaintiff's FOIA request (1171892-000) was due twenty working days after the FBI received it on July 28, 2011, which would have been August 25, 2011.

184.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1171892-000) with a determination as to whether the FBI will comply with the request.

185.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1171892-000) because the FBI has failed to comply with the statutory time limit.


**THE LAUREN BETH GAZZOLA REQUESTS**

186.     On April 10, 2010, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all information pertaining to the individual Lauren Beth Gazzola (1979-)[.]"  The request included a privacy waiver signed by Lauren Beth Gazzola authorizing disclosure of responsive records to Plaintiff.

187.     In a letter sent to Plaintiff dated April 20, 2010, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1146934-000.

188.     In a letter sent to Plaintiff dated February 28, 2011, the FBI released to Plaintiff 125 pages responsive to his FOIA request (1146934-000).  The documents released to Plaintiff were public source documents from FBI Minneapolis file 266I-MP-57256.  Portions of the 125 pages were redacted pursuant to Exemptions 2, 6, 7(A), 7(C), and 7(E).  The letter sent to Plaintiff also indicated that additional material response to Plaintiff's request existed at the FBI Newark Office, but that the material was exempt in its entirety under Exemption 7(A).

189.    On November 15, 2011, Plaintiff sent a FOIA request (including cover letter) to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0311 2550 0001 9749 0308) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Lauren Beth Gazzola."  In this letter, Plaintiff noted that he had previously submitted a privacy waiver signed by Lauren Beth Gazzola authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

190.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on November 18, 2011.  In a letter sent to Plaintiff dated November 25, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1177804-000.

191.    Defendant's response to Plaintiff's FOIA request (1177804-000) was due twenty working days after the FBI received it on November 18, 2011, which would have been December 19, 2011.

192.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1177804-000) with a determination as to whether the FBI will comply with the request.

193.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1177804-000) because the FBI has failed to comply with the statutory time limit.

## THE MICHAEL A. BUDKIE REQUEST

194.     On July 12, 2011, Plaintiff sent a FOIA request to the FBI via United

States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010

0002 0396 8416) requesting a copy of "any and all records that were prepared, received,

transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task

Force, or any Joint Terrorism Task Force relating or referring to the living person

Michael A. Budkie."  The request included a privacy waiver signed by Michael A.

Budkie authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request

and any attachments are incorporated by reference as if set forth fully herein.

195.     Based on information from the United States Postal Service, Plaintiff's

FOIA request described in the previous paragraph arrived at the FBI on July 14, 2011.  In

a letter sent to Plaintiff dated August 1, 2011, the FBI acknowledged receipt of Plaintiff's

FOIA request described in the previous paragraph and assigned it tracking number

1170437-000.

196.     The FBI's response to Plaintiff's FOIA request (1170437-000) was due

twenty working days after the FBI received it on July 14, 2011, which would have been

August 11, 2011.

197.     As of the filing of this Complaint, Plaintiff has not received a response to

his FOIA request (1170437-00) with a determination as to whether the FBI will comply

with the request.

198.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his

administrative remedies with regard to his FOIA request (1170437-000) because the FBI

has failed to comply with the statutory time limit.

## THE PETER DANIEL YOUNG REQUEST

199.     On June 28, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 3282) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Peter Daniel Young[.]"  The request included a privacy waiver signed by Peter Daniel Young authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

200.     Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on June 30, 2011. After not having received an acknowledgment letter from the FBI for several months regarding the FOIA request described in the previous paragraph, Plaintiff called FOIA Public Liaison Dennis Argall in December 2011 to inquire about the status of the request. Mr. Argall then emailed Plaintiff on December 23, 2011, informing him that an acknowledgment letter had never been sent out which was "[c]learly an error" on the FBI's part.  The email indicated that the request described in the previous paragraph had been assigned tracking number 1179685-000.

201.     Defendant's response to Plaintiff's FOIA request (1179685-000) was due twenty working days after the FBI received it on June 30, 2011, which would have been July 29, 2011.

202.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1179685-000) with a determination as to whether the FBI will comply with the request.

203.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1179685-000) because the FBI has failed to comply with the statutory time limit.

## THE RICK A. BOGLE REQUEST

204.     On July 12, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 8416) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Rick A. Bogle." The request included a privacy waiver signed by Rick A. Bogle authorizing disclosure of responsive records to Plaintiff. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

205.     Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on July 14, 2011.  In a letter sent to Plaintiff dated August 5, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1170784-000.

206.     The FBI's response to Plaintiff's FOIA request (1170784-000) was due twenty working days after the FBI received it on July 14, 2011, which would have been August 11, 2011.

207.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1170784-00) with a determination as to whether the FBI will comply with the request.

208.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1170784-000) because the FBI has failed to comply with the statutory time limit.

### THE STEPHEN OMAR HINDI REQUEST

209.    On July 12, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 8416) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Stephen Omar Hindi."  The request included a privacy waiver signed by Stephen Omar Hindi authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

210.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on July 14, 2011.  In a letter sent to Plaintiff dated August 1, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1170104-000.

211.    The FBI's response to Plaintiff's FOIA request (1170104-000) was due twenty working days after the FBI received it on July 14, 2011, which would have been August 11, 2011.

212.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1170104-00) with a determination as to whether the FBI will comply with the request.

213.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1170104-000) because the FBI has failed to comply with the statutory time limit.

## THE ALLISON HELENE LANCE WATSON REQUEST

214.     On August 5, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 3625) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Allison Helene Lance Watson (aka Allison Helene Lance)." The request included a privacy waiver signed by Allison Helence Lance Watson authorizing disclosure of responsive records to Plaintiff. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

215.     Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on August 9, 2011. In a letter sent to Plaintiff dated August 16, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1171456-000.

216.     Defendant's response to Plaintiff's FOIA request (1171456-000) was due twenty working days after the FBI received it on August 9, 2011, which would have been September 7, 2011.

217.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1171456-000) with a determination as to whether the FBI will comply with the request.

218.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1171456-000) because the FBI has failed to comply with the statutory time limit.

## THE FUND FOR ANIMALS (FFA) REQUEST

219.     On August 10, 2011, Plaintiff sent a FOIA request (including cover letter) to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 8637) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the animal rights organization the Fund for Animals (FFA)." Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

220.     Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on August 12, 2011. In a letter sent to Plaintiff dated September 27, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1144639-001.

221.     Defendant's response to Plaintiff's FOIA request (1144639-001) was due twenty working days after the FBI received it on August 12, 2011, which would have been September 12, 2011.

222.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1144639-001) with a determination as to whether the FBI will comply with the request.

223.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1144639-001) because the FBI has failed to comply with the statutory time limit.

## THE DALLAS RACHAEL RISING REQUEST

224.     On June 7, 2011, Plaintiff sent a FOIA/PA request to the FBI via United States Postal Service First Class mail, postage prepaid requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Dallas Rachael Rising[.]"  The request included a privacy waiver signed by Dallas Rachael Rising authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

225.     In a letter sent to Plaintiff dated June 20, 2011, the FBI acknowledged receipt of Plaintiff's FOIA/PA request described in the previous paragraph and assigned it tracking number 1168139-000.

226.     Although Plaintiff does not know the exact date that the FBI received his FOIA/PA request (1168139-000), the latest that the FBI could have received the request was on June 20, 2011, the date of the letter in which FBI acknowledged receipt of the FOIA/PA request.

227.     Defendant's response to Plaintiff's FOIA/PA request (1168139-000) was due, at the latest, twenty working days after June 20, 2011, which would have been July 19, 2011.

228.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA/PA request (1168139-000) with a determination as to whether the FBI will comply with the request.

229.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA/PA request (1168139-000) because the FBI has failed to comply with the statutory time limit.

## THE IVER R. JOHNSON III REQUEST

230.     On June 29, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 3497) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Iver (aka Jay) R. Johnson, III[.]"  The request included a privacy waiver signed by Iver R. Johnson, III authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

231.     Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on July 1, 2011.  After not having received an acknowledgment letter from the FBI for several months regarding the FOIA request described in the previous paragraph, Plaintiff called FOIA Public Liaison Dennis Argall in December 2011 to inquire about the status of the request.  Mr. Argall then emailed Plaintiff on December 23, 2011, informing him that an acknowledgment letter had never been sent out which was "[c]learly an error" on the FBI's part.  The email indicated that the request described in the previous paragraph had been assigned tracking number 1169590-000.

232.    Defendant's response to Plaintiff's FOIA request (1169590-000) was due twenty working days after the FBI received it on July 1, 2011, which would have been August 1, 2011.

233.    As of the filing of this Complaint, Plaintiff has not received a response to his June 29, 2011 FOIA request (1169590-000) with a determination as to whether the FBI will comply with the request.

234.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1169590-000) because the FBI has failed to comply with the statutory time limit.


**THE KEVIN RICH OLLIFF REQUEST**

235.    On June 28, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 3282) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Kevin Rich Olliff[.]"  The request included a privacy waiver signed by Kevin Rich Olliff authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

236.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on June 30, 2011.  In a letter sent to Plaintiff dated July 28, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1169688-000.

237.     Defendant's response to Plaintiff's FOIA request (1169688-000) was due twenty working days after the FBI received it on June 30, 2011, which would have been July 29, 2011.

238.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1169688-000) with a determination as to whether the FBI will comply with the request.

239.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1169688-000) because the FBI has failed to comply with the statutory time limit.


### THE "ANIMAL LIBERATION FRONT" CONFERENCE REQUEST

240.     On August 15, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0398 4621) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the FBI's 1 March – 4 March 1994 'Animal Liberation Front Conference' at the FBI Academy in Quantico, Virginia."  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

241.     Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on August 17, 2011. In a letter sent to Plaintiff dated September 29, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1173497-000.

242.     Defendant's response to Plaintiff's FOIA request (1173497-000) was due twenty working days after the FBI received it on August 17, 2011, which would have been September 15, 2011.

243.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1173497-000) with a determination as to whether the FBI will comply with the request.

244.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1173497-000) because the FBI has failed to comply with the statutory time limit.


**THE AMERICAN ANTI-VIVISECTION SOCIETY REQUESTS**

245.     On January 31, 2010, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all information pertaining to the organization American Anti-Vivesection Society (AAVS)."

246.     In a letter sent to Plaintiff dated March 10, 2010, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 114415-000.

247.     Plaintiff received a letter from the FBI dated April 22, 2010 regarding his FOIA request (1144151-000) stating that the FBI was "unable to identify responsive main file records."

248.     On August 10, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 8637) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the Pennsylvania-based

animal rights organization the American Anti-Vivisection Society (AAVS)." Plaintiff's

FOIA request and any attachments are incorporated by reference as if set forth fully

herein.

249.    Based on information from the United States Postal Service, Plaintiff's

FOIA request described in the previous paragraph arrived at the FBI on August 12, 2011.

After not having received an acknowledgment letter from the FBI for several months

regarding the FOIA request described in the previous paragraph, Plaintiff called FOIA

Public Liaison Dennis Argall in December 2011 to inquire about the status of the request.

Mr. Argall then emailed Plaintiff on December 23, 2011 informing him that an

acknowledgment letter had never been sent out which was "[c]learly an error" on the

FBI's part. The email indicated that the request described in the previous paragraph had

been assigned tracking number 1144151-001.

250.    Plaintiff subsequently received a letter dated December 21, 2011 in which

the FBI acknowledged receipt of Plaintiff's FOIA request and assigned it tracking number

1144151-001.

251.    Defendant's response to Plaintiff's FOIA request (1144151-001) was due

twenty working days after the FBI received it on August 12, 2011, which would have

been September 12, 2011.

252.    As of the filing of this Complaint, Plaintiff has not received a response to

his FOIA request (1144151-001) with a determination as to whether the FBI will comply

with the request.

253.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his

administrative remedies with regard to his FOIA request (1144151-001) because the FBI

has failed to comply with the statutory time limit.

**THE NEW ENGLAND ANTI-VIVISECTION SOCIETY (NEAVS) REQUESTS**

254.    A On January 31, 2010, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all information pertaining to the organization New England Anti-Vivesection Society (NEAVS)."

255.    Plaintiff received a letter from the FBI dated March 1, 2010 regarding his FOIA request described in the previous paragraph (which the FBI had assigned tracking number 1143766-000), stating that the FBI was "unable to identify responsive main file records."

256.    On August 10, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 8637) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the Boston, MA-based animal rights organization the New England Anti-Vivisection Society (NEAVS)."

257.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on August 12, 2011. In a letter sent to Plaintiff dated September 21, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1143766-001.

258.    Defendant's response to Plaintiff's FOIA request (1143766-001) was due twenty working days after the FBI received it on August 12, 2011, which would have been September 12, 2011.

259.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1143766-001) with a determination as to whether the FBI will comply with the request.

260.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1143766-001) because the FBI has failed to comply with the statutory time limit.

### THE NATIONAL ANTI-VIVISECTION SOCIETY (NAVS) REQUESTS

261.     On May 2, 2005, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all information pertaining to the organization the National Anti-Vivesection Society (NAVS)."

262.     In a letter sent to Plaintiff dated May 13, 2005, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1020553-000.

263.     Plaintiff received a letter from the FBI dated May 23, 2005 regarding his FOIA request (1020553-000) stating that the FBI was "unable to identify responsive main file records."

264.     On August 10, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 8637) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the animal rights and anti-animal experimentation organization the National Anti-Vivisection Society (NAVS)."  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

265.     Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on August 12, 2011. In a letter sent to Plaintiff dated September 23, 2011, the FBI acknowledged receipt of

Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1020553-001.

266.     Defendant's response to Plaintiff's FOIA request (1020553-001) was due twenty working days after the FBI received it on August 12, 2011, which would have been September 12, 2011.

267.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1020553-001) with a determination as to whether the FBI will comply with the request.

268.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1020553-001) because the FBI has failed to comply with the statutory time limit.


**THE KELLY ANN HIGGINS REQUEST**

269.     On July 26, 2011, Plaintiff sent a FOIA request (including cover letter) to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 0761) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Kelly Ann Higgins (aka Kelly Oaks, aka Kelly Jameson)." The request included a privacy waiver signed by Sean Diener authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

270.     Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on July 28, 2011.  In a letter sent to Plaintiff dated December 21, 2011, the FBI acknowledged receipt of

Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1179601-000.

271.    Defendant's response to Plaintiff's FOIA request (1179601-000) was due twenty working days after the FBI received it on July 28, 2011, which would have been August 25, 2011.

272.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1179601-000) with a determination as to whether the FBI will comply with the request.

273.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1179601-000) because the FBI has failed to comply with the statutory time limit.


## THE ANIMAL LIBERATION FRONT (ALF) REQUEST

274.    On or about January 29, 2010, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all information pertaining to the organization the Animal Liberation Front."  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

275.    In a letter sent to Plaintiff dated February 18, 2010, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1143549-000.

276.    Plaintiff received a letter from the ATF dated June 22, 2011 which stated that the FBI had forwarded documents to the ATF for processing.  The letter indicated that the ATF had assigned the request file number 11-628.  The letter indicated that document 63 was being withheld pursuant to exemption 4, that document 119 was being

withheld pursuant to exemption 7(C), that document 150 was being withheld pursuant to exemption 7(E), and that document 167 was being withheld pursuant to exemption 7(d).

277.    On or about August 8, 2011, Plaintiff sent a letter to the DOJ's Office of Information Policy (hereinafter "OIP") appealing the withholding of documents responsive to his FOIA request (11-628).  In his appeal, Plaintiff challenged ATF's failure to release segregable portions of all of the withheld documents, and of document 167 in particular.  Plaintiff's appeal letter and any attachments are incorporated by reference as if set forth fully herein.

278.    In a letter sent to Plaintiff dated August 19, 2011, OIP acknowledged receipt of Plaintiff's FOIA appeal described in the previous paragraph and assigned it tracking number AP-2011-02862.

279.    In a letter sent to Plaintiff dated September 20, 2011, regarding appeal AP-2011-02862, OIP affirmed the ATF's withholding of documents.

## THE USSC ATTEMPTED BOMBING REQUEST

280.    On September 2, 2011, Plaintiff sent a FOIA request to the ATF via First Class mail requesting information about the November 11, 1988 attempted bombing at the Norwalk, Connecticut U.S. Surgical Corporation (USSC), and the events leading up to and following this attempting bombing. Attached to Plaintiff's FOIA request were five documents which demonstrate ATF's involvement in the USSC bombing affair. Plaintiff's FOIA request sought "disclosure of any and all records that were prepared, received, transmitted, collected and/or maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), the Domestic Terrorism Task Force (DTTF), the National Joint Terrorism Task Force, or any Joint Terrorism Task Force referring or relating to:

1) The 11 November 1988 attempted bombing at the Norwalk, Connecticut U.S. Surgical Corporation (USSC),

2) Any and all involvement or knowledge of the ATF and/or agents thereof, including but not limited to *ATF Special Agent Vito S. DeMarco (aka Vito DeCarlo)*, in the events leading up to the attempted bombing, the attempted bombing itself, and the events following the attempted bombing.

3) The Perceptions International (PI)-led infiltration of the animal rights movement that led up to the attempted bombing,

4) Federal and local law enforcement (including but not limited to the ATF, the FBI, and the Norwalk Police Department, the Domestic Terrorism Task Force (DTTF), the National Joint Terrorism Task Force or any Joint Terrorism Task Force), and/or other federal or local governmental agencies *involvement in and/or knowledge of the infiltration of the animal rights movement that led up to the attempted bombing*,

5) Federal and local law enforcement (including but not limited to the ATF, FBI, and the Norwalk Police Department, the Domestic Terrorism Task Force (DTTF), the National Joint Terrorism Task Force, or any Joint Terrorism Task Force), and/or other federal or local governmental agencies *involvement in and/or knowledge of the plan to encourage an animal rights activist to attempt the bombing*,

6) Federal and local law enforcement (including but not limited to the ATF, the FBI, and the Norwalk Police Department, the Domestic Terrorism Task Force (DTTF), the National Joint Terrorism Task Force, or any Joint Terrorism Task Force), and/or other federal or local governmental agencies *knowledge, preparations, and/or operations in anticipation of the attempted bombing*,

7) Federal and local law enforcement (including but not limited to the ATF, the FBI, the Norwalk Police Department, the Domestic Terrorism Task Force (DTTF), the National Joint Terrorism Task Force, or any Joint Terrorism Task Force), and/or other federal or local governmental agencies *investigations of the attempted bombing and/or its component crimes*,

8) Federal and local law enforcement (including but not limited to the ATF, the FBI, the Norwalk Police Department, the Domestic Terrorism Task Force (DTTF), the National Joint Terrorism Task Force, or any Joint Terrorism Task Force), and/or other federal or local governmental agencies *involvement in, consulting for, and/or monitoring of the subsequent federal and state trials of Stephanie Fran Trutt, the attempted bomber*.

9) Any and all *communications* relating or referring to any of the above by and/or between any of the following: federal law enforcement, (including but not limited to the ATF and FBI), other federal agencies, local law enforcement (including but not limited to the Norwalk Police Department), other local agencies, the Domestic Terrorism Task Force (DTTF), the National Joint Terrorism Task Force or any Joint Terrorism Task Force, USSC and USSC personnel (including USSC CEO *Leon Hirsch* and USSC Director of Corporate Security *James Rancourt*), hired agents of USSC (including but not limited to *Perceptions International* and its chief *Jan R. Reber*), hired agents of Perceptions International (including but not limited to *Mary Lou Sapone* and *Marcus Mead*), and affiliated front groups for USSC (including but not limited to the USSC-funded pro-animal experimentation advocacy organization *Americans for Medical Progress (AMP)* and the similar *National Association for Biomedical Research (NABR)*

and the *Foundation for Biomedical Research (FBR)*).”

Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

281.    In a letter sent to Plaintiff dated September 28, 2011, the ATF stated that a search of its records “failed to produce the requested information.”  The letter referred to Plaintiff's request as described in the previous paragraph as file number 11-1208.

282.    In truth and in fact, the ATF has multiple records that would have been responsive to Plaintiff's FOIA request (11-1208).  The ATF maintains records relating to the USSC bombing incident in file number 63250-89-4008N, including, for example, correspondence to and from Special Agent in Charge Terrence J. McArdle, Boston District Office.

283.    On October 3, 2011, Plaintiff submitted an appeal to OIP regarding his FOIA request number 11-1208.  Plaintiff's appeal to OIP was mailed via Priority Mail, Delivery Confirmation (0308 0660 0001 4568 2890) and according to information from the U.S. Postal Service, was delivered on October 11, 2011.  Plaintiff's appeal contained a list of ATF record systems and keywords that he requested ATF to search.  Plaintiff's appeal also requested that ATF be required to search the records of both field offices (New York and Connecticut) which were involved in the USSC bombing affair. Plaintiff's appeal letter and any attachments are incorporated by reference as if set forth fully herein.

284.    In a letter sent to Plaintiff dated October 24, 2011, OIP acknowledged receipt of Plaintiff's FOIA appeal described in the previous paragraph and assigned it tracking number AP-2012-00167.

285.    In a letter sent to Plaintiff dated May 7, 2012, regarding appeal AP-2011-02862, OIP affirmed the ATF's finding of no responsive records.

### THE LAST CHANCE FOR ANIMALS (LCA) REQUESTS

286.    On or about October 22, 2010, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all information pertaining to the organization Last Chance for Animals (LCA)."  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

287.    Although Plaintiff never received an acknowledgment letter regarding the FOIA request described in the previous paragraph, he did receive a response from the FBI dated November 3, 2010 regarding the FOIA request described in the previous paragraph (with the tracking number 1156519-000), stating that the FBI was not able to locate any responsive records.

288.    On July 26, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 0747) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the California-based animal rights organization Last Chance for Animals (LCA) (aka LCFA)."  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

289.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on July 28, 2011.  In a letter sent to Plaintiff dated September 28, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1156519-001.

290.    The FBI's response to Plaintiff's FOIA request (1156519-001) was due twenty working days after the FBI received it on July 28, 2011, which would have been August 25, 2011.

291.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1156519-001) with a determination as to whether the FBI will comply with the request.

292.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1156519-001) because the FBI has failed to comply with the statutory time limit.

**THE CHRIS DEROSE REQUEST**

293.    On June 7, 2011, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Chris DeRose[.]" The request included a privacy waiver signed by Chris DeRose authorizing disclosure of responsive records to Plaintiff. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

294.    In a letter sent to Plaintiff dated June 10, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1167816-000.

295.    Although Plaintiff does not know the exact date that the FBI received his FOIA request (1167816-000), the latest that the FBI could have received the request was on June 10, 2011, the date of the letter in which FBI acknowledged receipt of the FOIA request.

296.    The FBI's response to Plaintiff's FOIA request (1167816-000) was due, at the latest, twenty working days after June 10, 2011, which would have been July 11, 2011.

297.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1167816-000) with a determination as to whether the FBI will comply with the request.

298.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1167816-000) because the FBI has failed to comply with the statutory time limit.

## THE JACK D. CARONE REQUEST

299.    On June 7, 2011, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Jack D. Carone[.]" The request included a privacy waiver signed by Jack D. Carone authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

300.    In a letter sent to Plaintiff dated June 15, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1167824-000.

301.    Although Plaintiff does not know the exact date that the FBI received his FOIA request (1167824-000), the latest that the FBI could have received the request was on June 15, 2011, the date of the letter in which FBI acknowledged receipt of the FOIA request.

302.    The FBI's response to Plaintiff's FOIA request (1167824-000) was due, at the latest, twenty working days after June 15, 2011, which would have been July 14, 2011.

303.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1167824-000) with a determination as to whether the FBI will comply with the request.

304.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1167824-000) because the FBI has failed to comply with the statutory time limit.


**THE LINDA T. TANNENBAUM REQUEST**

305.    On June 7, 2011, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Linda (aka Margo) T. Tannenbaum[.]"  The request included a privacy waiver signed by Linda T. Tannenbaum authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

306.    In a letter sent to Plaintiff dated June 13, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1167840-000.

307.    Although Plaintiff does not know the exact date that the FBI received his FOIA request (1167840-000), the latest that the FBI could have received the request was on June 13, 2011, the date of the letter in which FBI acknowledged receipt of the FOIA request.

64

308.    The FBI's response to Plaintiff's FOIA request (1167840-000) was due, at the latest, twenty working days after June 13, 2011, which would have been July 12, 2011.

309.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1167840-000) with a determination as to whether the FBI will comply with the request.

310.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1167840-000) because the FBI has failed to comply with the statutory time limit.


## THE CRESCENT VELLUCCI REQUEST

311.    On June 7, 2011, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Crescent Vellucci[.]" The request included a privacy waiver signed by Crescent Vellucci authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

312.    In a letter sent to Plaintiff dated June 30, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1168703-000.

313.    Although Plaintiff does not know the exact date that the FBI received his FOIA request (1168703-000), the latest that the FBI could have received the request was on June 30, 2011, the date of the letter in which FBI acknowledged receipt of the FOIA request.

314.    The FBI's response to Plaintiff's FOIA request (1168703-000) was due, at the latest, twenty working days after June 30, 2011, which would have been July 29, 2011.

315.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1168703-000) with a determination as to whether the FBI will comply with the request.

316.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1168703-000) because the FBI has failed to comply with the statutory time limit.


**THE JONATHAN CHRISTOPHER MARK PAUL REQUEST**

317.    On June 7, 2011, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Jonathan Christopher Mark Paul[.]"  The request included a privacy waiver signed by Jonathan Christopher Mark Paul authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

318.    In a letter sent to Plaintiff dated June 14, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1167949-000.

319.    Although Plaintiff does not know the exact date that the FBI received his FOIA request (1167949-000), the latest that the FBI could have received the request was on June 14, 2011, the date of the letter in which FBI acknowledged receipt of the FOIA request.

66

320.    The FBI's response to Plaintiff's FOIA request (1167949-000) was due, at the latest, twenty working days after June 14, 2011, which would have been July 13, 2011.

321.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1167949-000) with a determination as to whether the FBI will comply with the request.

322.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1167949-000) because the FBI has failed to comply with the statutory time limit.

**THE LESLIE STEWART REQUEST**

323.    On June 7, 2011, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Dr. Leslie Stewart[.]" The request included a privacy waiver signed by Leslie Stewart authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

324.    In a letter sent to Plaintiff dated June 17, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1168146-000.

325.    Although Plaintiff does not know the exact date that the FBI received his FOIA request (1168146-000), the latest that the FBI could have received the request was on June 17, 2011, the date of the letter in which FBI acknowledged receipt of the FOIA request.

326.    The FBI's response to Plaintiff's FOIA request (1168146-000) was due, at the latest, twenty working days after June 17, 2011, which would have been July 18, 2011.

327.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1168146-000) with a determination as to whether the FBI will comply with the request.

328.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1168146-000) because the FBI has failed to comply with the statutory time limit.


**THE SHEILA LARACY REQUEST**

329.    On June 7, 2011, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Sheila Laracy (aka Sheila Vellucci)[.]"  The request included a privacy waiver signed by Sheila Laracy authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

330.    In a letter sent to Plaintiff dated June 14, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1167894-000.

331.    Although Plaintiff does not know the exact date that the FBI received his FOIA request (1167894-000), the latest that the FBI could have received the request was on June 14, 2011, the date of the letter in which FBI acknowledged receipt of the FOIA request.

332.    The FBI's response to Plaintiff's FOIA request (1167894-000) was due, at the latest, twenty working days after June 14, 2011, which would have been July 13, 2011.

333.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1167894-000) with a determination as to whether the FBI will comply with the request.

334.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1167894-000) because the FBI has failed to comply with the statutory time limit.


## THE HENRY HUTTO REQUEST

335.    On June 9, 2011, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Henry Hutto[.]"  The request included a privacy waiver signed by Henry Hutto authorizing disclosure of responsive records to Plaintiff.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

336.    In a letter sent to Plaintiff dated July 16, 2011 (which presumably should have been June 16, 2011), the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1168089-000.

337.    Although Plaintiff does not know the exact date that the FBI received his FOIA request (1168089-000), the latest that the FBI could have received the request was on June 16, 2011, the date of the letter in which FBI acknowledged receipt of the FOIA request.

338.    The FBI's response to Plaintiff's FOIA request (1168089-000) was due, at the latest, twenty working days after June 16, 2011, which would have been July 15, 2011.

339.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1168089-000) with a determination as to whether the FBI will comply with the request.

340.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1168089-000) because the FBI has failed to comply with the statutory time limit.

### THE AARON GLENN LEIDER REQUEST

341.    On June 29, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 3497) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Aaron Glenn Leider[.]" The request included a privacy waiver signed by Aaron Glenn Leider authorizing disclosure of responsive records to Plaintiff. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

342.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on July 1, 2011. In a letter sent to Plaintiff dated July 13, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1169540-000.

343.    The FBI's response to Plaintiff's FOIA request (1169540-000) was due twenty working days after the FBI received it on July 1, 2011, which would have been August 1, 2011.

344.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1169540-000) with a determination as to whether the FBI will comply with the request.

345.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1169540-000) because the FBI has failed to comply with the statutory time limit.


**THE ALFSG REQUESTS**

346.    On June 9, 2011, Plaintiff sent a FOIA request to the FBI via First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the organization Animal Liberation Front Support Group (ALFSG), (aka ALF SG), (aka Animal Liberation Front Supporters Group)." Plaintiff explicitly requested both main file and cross-reference searches. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

347.    Although Plaintiff never received an acknowledgment letter regarding the FOIA request described in the previous paragraph, he did receive a response from the FBI dated June 16, 2011 regarding the FOIA request described in the previous paragraph (with the tracking number 1168026-000), stating that the FBI was "unable to identify responsive main files."

348.    The FBI possesses, at a minimum, dozens of pages of records responsive to Plaintiff's FOIA request (1168026-000), but did not locate them due to its failure to perform a cross-reference search.

349.    On August 10, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 8637) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the animal rights organization Animal Liberation Front Support Group (ALFSG), (aka ALF SG), (aka Animal Liberation Front Supporters Group)."  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

350.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on August 12, 2011. In a letter sent to Plaintiff dated September 26, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1168026-001.

351.    The FBI's response to Plaintiff's FOIA request (1168026-001) was due twenty working days after the FBI received it on August 12, 2011, which would have been September 12, 2011.

352.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1168026-001) with a determination as to whether the FBI will comply with the request.

353.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1168026-001) because the FBI has failed to comply with the statutory time limit.

**THE ADL REQUEST**

354.    On November 4, 2010, Plaintiff sent a FOIA request to the FBI via United States Postal Service First Class mail requesting a copy of "any and all information pertaining to the organization Animal Defense League (ADL)."  The request further stated, "This request includes any and all information on all chapters of the ADL." Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

355.    In a letter sent to Plaintiff dated November 15, 2010, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1157033-000.

356.    Pursuant to 5 USC § 552(a)(6)(A)(i), a response to Plaintiff's FOIA request (1157033-000) containing a determination about whether to comply with the request was due within twenty working days after receipt of the request.

357.    Although Plaintiff does not know the exact date that the FBI received his FOIA request (1157033-000), the latest that the FBI could have received the request was on November 15, 2010, the date of the letter in which FBI acknowledged receipt of the FOIA request (1157033-000).

358.    The FBI's response to Plaintiff's FOIA request (1157033-000) was due, at the latest, twenty working days after November 15, 2010, which would have been December 14, 2010.

359.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1157033-000) with a determination as to whether the FBI will comply with the request.

360.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1157033-000) because the FBI

has failed to comply with the statutory time limit.

## THE NO COMPROMISE REQUEST

361.    On November 4, 2010, Plaintiff sent a FOIA request to the FBI via United States Postal Service First Class mail requesting a copy of "any and all information pertaining to the print and online militant animal rights magazine No Compromise, aka No Compromise!, aka No Compromise.org."  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

362.    In a letter sent to Plaintiff dated November 8, 2010, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1156759-000.

363.    Plaintiff received a letter from the FBI dated February 18, 2011, regarding his FOIA request (1156759-000) which stated, "Currently your request is being reviewed by an analyst.  The analyst will confirm that all records are responsive to your request and apply exemptions allowed under FOIPA.  If your request is for sensitive national security information, then the records must undergo a systematic declassification review prior to application of FOIPA exemptions."

364.    Plaintiff received a letter from the FBI dated June 29, 2011 regarding his FOIA request (1156759-000) stating, "Currently your request is being reviewed by an analyst.  The analyst will confirm that all records are responsive to your request and apply exemptions allowed under FOIPA.  If your request is for sensitive national security information, then the records must undergo a systematic declassification review prior to application of FOIPA exemptions."

365.    Pursuant to 5 USC § 552(a)(6)(A)(i), a response to Plaintiff's FOIA request (1156759-000) containing a determination about whether to comply with the request was due within twenty working days after receipt of the request.

366.    Although Plaintiff does not know the exact date that the FBI received his FOIA request (1156759-000), the latest that the FBI could have received the request was on November 8, 2010, the date of the letter in which FBI acknowledged receipt of the FOIA request (1156759-000).

367.    The FBI's response to Plaintiff's FOIA request (1156759-000) was due, at the latest, twenty working days after November 8, 2010, which would have been December 8, 2010.

368.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1156579-000) with a determination as to whether the FBI will comply with the request.

369.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1156579-000) because the FBI has failed to comply with the statutory time limit.

### THE LINDSAY PARME REQUEST

370.    On October 24, 2010, Plaintiff sent a FOIA request to the FBI via United States Postal Service First Class mail requesting a copy of "any and all information pertaining to the individual Lindsay Parme." Plaintiff included a privacy waiver signed by Lindsay Parme. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

371.    In a letter sent to Plaintiff dated November 12, 2010, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1156661-000.

372.    Plaintiff received a letter from the FBI dated February 12, 2011 regarding his FOIA request (1156661-000) stating, "Currently the FBI is searching for, retrieving, scanning, and evaluating files that may be responsive to your request."

373.    Plaintiff received a letter from the FBI dated February 24, 2011, denying a fee waiver for his FOIA request (1156661-000).

374.    Plaintiff received a letter from the FBI dated February 26, 2011, regarding his FOIA request (1156661-000), informing Plaintiff, "We have located approximately 11,485 pages which are potentially responsive to your request."  The letter further inquired whether Plaintiff would be willing to pay search and duplication fees.

375.    On March 16, 2011, Plaintiff sent a letter to the FBI via United States Postal Service First Class mail asking that the FBI continue to process his request (1156661-000), stating that he intended to file an appeal of the denial of his fee waiver request, and indicating that he was willing to pay any fees associated with the request should the appeal be denied.

376.    Plaintiff received a letter from the FBI dated May 18, 2011 regarding his FOIA request (1156661-000) stating, "Currently the FBI is searching for, retrieving, scanning, and evaluating files that may be responsive to your request."

377.    Sometime in early to mid-2011, Plaintiff received a telephone call from Ms. Elaine Bruce, a long-queue analyst for FBI's FOIPA work processing unit.  During the phone call, Ms. Bruce informed Plaintiff that the February 26, 2011 letter sent to Plaintiff indicating that the FBI located 11,485 pages of potentially responsive documents was erroneous and that there were no responsive main file records regarding Ms. Parme.

76

Ms. Bruce further informed Plaintiff that the FBI had between approximately 1,000 and 1,500 pages of potentially responsive cross-reference records and asked whether Plaintiff wanted to receive the cross-reference records. Plaintiff stated that he did want to receive these records and expressed his doubt that the FBI possessed no responsive main file records regarding Ms. Parme.

378.    Ms. Parme is a long-time, leading militant animal rights activist with extensive unwanted interactions with the FBI including being twice arrested by the FBI, a raid on her storage shed by the FBI, seizure of her car by the FBI, physical surveillance by the FBI, and an attempt to execute a warrant for Ms. Parme's DNA by the FBI. On information and belief, the FBI possesses main file records regarding Ms. Parme.

379.    Although Plaintiff does not know the exact date that the FBI received his FOIA request (1156661-000), the latest that the FBI could have received the request was on November 12, 2010, the date of the letter in which FBI acknowledged receipt of the FOIA request.

380.    The FBI's response to Plaintiff's FOIA request (1156661-000) was due, at the latest, twenty working days after November 12, 2010, which would have been December 13, 2010.

381.    As of the filing of this Complaint, Plaintiff has not received a response to his October 24, 2010 FOIA request (1156661-000) with a determination as to whether the FBI will comply with the request.

382.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1156661-000) because the FBI has failed to comply with the statutory time limit.

## THE KIMBERLY ANN BERARDI REQUEST

383.     On June 21, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Kimberly (Kim) Ann Berardi[.]"  Plaintiff included a privacy waiver signed by Kimberly Ann Berardi.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

384.     In a letter sent to Plaintiff dated July 26, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1169365-000.

385.     Although Plaintiff does not know the exact date that the FBI received his FOIA request (1169365-000), the latest that the FBI could have received the request was on July 26, 2011, the date of the letter in which FBI acknowledged receipt of the FOIA request (1169365-000).

386.     The FBI's response to Plaintiff's FOIA request (1169365-000) was due, at the latest, twenty working days after July 26, 2011, which would have been August 23, 2011.

387.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1169365-000) with a determination as to whether the FBI will comply with the request.

388.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1169365-000) because the FBI has failed to comply with the statutory time limit.

## THE FREEMAN WICKLUND REQUEST

389.    On May 31, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Freeman Wicklund[.]"  Plaintiff included a privacy waiver signed by Freeman Wicklund.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

390.    In a letter sent to Plaintiff dated June 13, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1167538-000.

391.    Although Plaintiff does not know the exact date that the FBI received his FOIA request (1167538-000), the latest that the FBI could have received the request was on June 13, 2011, the date of the letter in which FBI acknowledged receipt of the FOIA request (1167538-000).

392.    The FBI's response to Plaintiff's FOIA request (1167538-000) was due, at the latest, twenty working days after June 13, 2011, which would have been July 12, 2011.

393.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1167538-000) with a determination as to whether the FBI will comply with the request.

394.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1167538-000) because the FBI has failed to comply with the statutory time limit.

## THE PATRICK KWAN REQUEST

395.    On June 29, 2011, Plaintiff sent a FOIA request to the FBI via United

States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010

0002 0396 3497) requesting a copy of "any and all records that were prepared, received,

transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task

Force, or any Joint Terrorism Task Force relating or referring to the living person Patrick

Kwan[.]"  Plaintiff included a privacy waiver signed by Patrick Kwan.  Plaintiff's FOIA

request and any attachments are incorporated by reference as if set forth fully herein.

396.    Based on information from the United States Postal Service, Plaintiff's

FOIA request described in the previous paragraph arrived at the FBI on July 1, 2011.  In

a letter sent to Plaintiff dated July 12, 2011, the FBI acknowledged receipt of Plaintiff's

FOIA request described in the previous paragraph and assigned it tracking number

1169433-000.

397.    The FBI's response to Plaintiff's FOIA request (1169433-000) was due

twenty working days after the FBI received it on July 1, 2011, which would have been

August 1, 2011.

398.    As of the filing of this Complaint, Plaintiff has not received a response to

his FOIA request (1169433-000) with a determination as to whether the FBI will comply

with the request.

399.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his

administrative remedies with regard to his FOIA request (1169433-000) because the FBI

has failed to comply with the statutory time limit.

## THE PETER GEORGE SCHNELL REQUEST

400.   On June 29, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 3497) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Peter George Schnell[.]"  Plaintiff included a privacy waiver signed by Peter George Schnell. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

401.   Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on July 1, 2011.  In a letter sent to Plaintiff dated July 21, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1169971-000.

402.   The FBI's response to Plaintiff's FOIA request (1169971-000) was due twenty working days after the FBI received it on July 1, 2011, which would have been August 1, 2011.

403.   As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1169971-000) with a determination as to whether the FBI will comply with the request.

404.   Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1169971-000) because the FBI has failed to comply with the statutory time limit.

## THE ADAM WEISSMAN REQUEST

405.    On June 28, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 3282) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Adam Weissman[.]"  Plaintiff included a privacy waiver signed by Adam Weissman.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

406.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on June 30, 2011.  In a letter sent to Plaintiff dated July 21, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1169475-000.

407.    The FBI's response to Plaintiff's FOIA request (1169475-000) was due twenty working days after the FBI received it on June 30, 2011, which would have been July 29, 2011.

408.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1169475-000) with a determination as to whether the FBI will comply with the request.

409.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1169475-000) because the FBI has failed to comply with the statutory time limit.

**THE ANDREA JOAN LINDSAY REQUEST**

410.    On June 28, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 3282) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Andrea Joan Lindsay[.]"  Plaintiff included a privacy waiver signed by Andrea Joan Lindsay. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

411.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on June 30, 2011.  In a letter sent to Plaintiff dated July 18, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1169594-000.

412.    The FBI's response to Plaintiff's FOIA request (1169594-000) was due twenty working days after the FBI received it on June 30, 2011, which would have been July 29, 2011.

413.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1169594-000) with a determination as to whether the FBI will comply with the request.

414.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1169594-000) because the FBI has failed to comply with the statutory time limit.

**THE JOSH TRENTER REQUEST**

415.    On June 28, 2011, Plaintiff sent a FOIA request to the FBI via United

States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010

0002 0396 3282) requesting a copy of "any and all records that were prepared, received,

transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task

Force, or any Joint Terrorism Task Force relating or referring to the living person Josh

Trenter[.]"  Plaintiff included a privacy waiver signed by Josh Trenter.  Plaintiff's FOIA

request and any attachments are incorporated by reference as if set forth fully herein.

416.    Based on information from the United States Postal Service, Plaintiff's

FOIA request described in the previous paragraph arrived at the FBI on June 30, 2011.  In

a letter sent to Plaintiff dated August 10, 2011, the FBI acknowledged receipt of

Plaintiff's FOIA request described in the previous paragraph and assigned it tracking

number 1169943-000.

417.    The FBI's response to Plaintiff's FOIA request (1169943-000) was due

twenty working days after the FBI received it on June 30, 2011, which would have been

July 29, 2011.

418.    As of the filing of this Complaint, Plaintiff has not received a response to

his FOIA request (1169943-000) with a determination as to whether the FBI will comply

with the request.

419.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his

administrative remedies with regard to his FOIA request (1169943-000) because the FBI

has failed to comply with the statutory time limit.

**THE JOSEPH W. BATEMAN REQUEST**

420.    On June 28, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 3282) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Joseph W. Bateman[.]"  Plaintiff included a privacy waiver signed by Joseph W. Bateman. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

421.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on June 30, 2011.  In a letter sent to Plaintiff dated July 26, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1169964-000.

422.    The FBI's response to Plaintiff's FOIA request (1169964-000) was due twenty working days after the FBI received it on June 30, 2011, which would have been July 29, 2011.

423.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1169964-000) with a determination as to whether the FBI will comply with the request.

424.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1169964-000) because the FBI has failed to comply with the statutory time limit.

## THE DAVID PATRICK HAYDEN REQUEST

425.    On June 28, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 3282) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person David Patrick Hayden[.]"  Plaintiff included a privacy waiver signed by David Patrick Hayden. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

426.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on June 30, 2011.  In a letter sent to Plaintiff dated July 22, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1169999-000.

427.    The FBI's response to Plaintiff's FOIA request (1169999-000) was due twenty working days after the FBI received it on June 30, 2011, which would have been July 29, 2011.

428.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1169999-000) with a determination as to whether the FBI will comply with the request.

429.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1169999-000)  because the FBI has failed to comply with the statutory time limit.

## THE MIYUN PARK REQUESTS

430.    On October 22, 2010, Plaintiff sent a FOIA request to FBI Headquarters via United States Postal Service First Class mail requesting a copy of "any and all information pertaining to the individual Miyun Park (1970-)." Plaintiff included a privacy waiver signed by Miyun Park. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

431.    Plaintiff has not received an acknowledgment letter with respect to his October 22, 2010 FOIA request described in the previous paragraph.

432.    On February 11, 2011, Plaintiff sent a FOIA request to FBI Headquarters via United States Postal Service First Class mail explaining that he had not received any acknowledgment to his October 22, 2010 FOIA request regarding Miyun Park and that he was therefore submitting a new request for "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Miyun Park (1970-)." Plaintiff included a privacy waiver signed by Miyun Park. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

433.    Plaintiff has not received an acknowledgment with respect to his February 11, 2011 FOIA request to FBI Headquarters described in the previous paragraph.

434.    In a letter sent to Plaintiff from FBI Headquarters dated February 12, 2011, the FBI informed Plaintiff that with regard to his FOIA request for information pertaining to Miyun Park (1156549-000), "Currently the FBI is searching for, retrieving, scanning, and evaluating files that may be responsive to your request."

435.    In a letter dated February 24, 2011, the FBI informed Plaintiff that it was denying his request for a fee waiver regarding the FOIA request (1156549-000).

436.    In a letter sent to Plaintiff dated February 26, 2011 regarding his FOI/PA request (1156549-000), the FBI inquired whether Plaintiff would be willing to pay the search and duplication fees.

437.    On March 16, 2011, Plaintiff sent a letter to the FBI via United States Postal Service First Class mail asking that the FBI continue to process his request (1156549-000), stating that he intended to file an appeal of the denial of his fee waiver request, and indicating that he was willing to pay any fees associated with the request should the appeal be denied.

438.    On February 11, 2011, Plaintiff sent a FOIA request to the Washington, DC field office of the FBI via United States Postal Service First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Miyun Park (1970-)." Plaintiff included a privacy waiver signed by Miyun Park. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

439.    In a letter sent to Plaintiff dated March 1, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request to the Washington, DC field office described in the previous paragraph and assigned it tracking number 1156549-000.

440.    On February 11, 2011, Plaintiff sent a FOIA request to the Baltimore, MD field office of the FBI via United States Postal Service First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Miyun Park (1970-)." Plaintiff included a privacy waiver signed by Miyun Park. Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

441.    In a letter sent to Plaintiff dated February 18, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request to the Baltimore, MD field office described in the previous paragraph and assigned it tracking number 1156549-000.

442.    On February 11, 2011, Plaintiff sent a FOIA request to the Norfolk, VA field office of the FBI via United States Postal Service First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Miyun Park (1970-)."  Plaintiff included a privacy waiver signed by Miyun Park.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

443.    In a letter sent to Plaintiff dated February 28, 2011, FBI Headquarters acknowledged receipt of Plaintiff's FOIA request to the Norfolk, VA field office of the FBI described in the previous paragraph and assigned it tracking number 1156549-000. In a letter sent to Plaintiff dated February 16, 2011, the Norfolk, VA field office of the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1156549-000.

444.    On February 12, 2011, Plaintiff sent a FOIA request to the New York, NY field office of the FBI via United States Postal Service First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Miyun Park (1970-)."  Plaintiff included a privacy waiver signed by Miyun Park.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

445.    In the previously mentioned letter sent to Plaintiff dated February 28, 2011 acknowledging receipt of Plaintiff's FOIA request to the FBI Norfolk, VA field office,

the FBI also acknowledged receipt of Plaintiff's FOIA request to the New York, NY field office of the FBI described in the previous paragraph.

446.    In a letter to Plaintiff dated May 13, 2011, the FBI informed Plaintiff regarding his FOIA request (1156549-000), "Currently your request is being reviewed by an analyst.  The analyst will confirm that all records are responsive to your request and apply exemptions allowed under FOIPA.  If your request is for sensitive national security information, then the records must undergo a systematic declassification review prior to application of FOIPA exemptions."

447.    In a letter to Plaintiff dated August 12, 2011, the FBI informed Plaintiff regarding his FOIA request (1156549-000), "Currently your request is being reviewed by an analyst.  The analyst will confirm that all records are responsive to your request and apply exemptions allowed under FOIPA.  If your request is for sensitive national security information, then the records must undergo a systematic declassification review prior to application of FOIPA exemptions."

448.    Pursuant to 5 USC § 552(a)(6)(A)(i), responses to Plaintiff's October 22, 2010 FOIA request (unknown tracking number) and five February 11, 2011 FOIA requests (which were all assigned the same tracking number, 1156549-000) regarding Miyun Park containing determinations about whether to comply with the requests were due within twenty working days after receipt of the requests.

449.    Although Plaintiff does not know the exact date that the FBI received his October 22, 2010 (unknown tracking number) and five February 11, 2011 FOIA requests (1156549-000) regarding Miyun Park, the latest that the FBI could have received the requests regarding Miyun Park sent to FBI Headquarters was February 12, 2011, the date of the letter in which the FBI updated Plaintiff on the status of his request regarding Miyun Park; the latest that the FBI could have received the request regarding Miyun Park

sent to the Washington, DC field office was March 1, 2011, the date of the letter in which the FBI acknowledge receipt of Plaintiff's FOIA request regarding Miyun Park by the Washington, DC field office; the latest that the FBI could have received the request regarding Miyun Park sent to the Baltimore, MD field office was February 18, 2011, the date of the letter in which the FBI acknowledge receipt of Plaintiff's FOIA request regarding Miyun Park by the Baltimore, MD field office; the latest that the FBI could have received the request regarding Miyun Park sent to the Norfolk, VA field office was February 16, 2011, the date of the letter in which the FBI acknowledge receipt of Plaintiff's FOIA request regarding Miyun Park by the Norfolk, VA field office; the latest that the FBI could have received the request regarding Miyun Park sent to the New York, NY field office was February 28, 2011, the date of the letter in which the FBI acknowledge receipt of Plaintiff's FOIA request regarding Miyun Park by the New York, NY field office.

450.    The FBI's response to Plaintiff's FOIA request regarding Miyun Park sent to FBI Headquarters was due, at the latest, twenty working days after February 12, 2011, which would have been March 14, 2011.  The FBI's response to Plaintiff's FOIA request regarding Miyun Park sent to the FBI Washington, DC field office was due, at the latest, twenty working days after March 1, 2011, which would have been March 29, 2011.  The FBI's response to Plaintiff's FOIA request regarding Miyun Park sent to the FBI Baltimore, MD field office was due, at the latest, twenty working days after February 18, 2011, which would have been March 21, 2011.  The FBI's response to Plaintiff's FOIA request regarding Miyun Park sent to the FBI Norfolk, VA field office was due, at the latest, twenty working days after February 16, 2011, which would have been March 17, 2011.  The FBI's response to Plaintiff's FOIA request regarding Miyun Park sent to the

FBI New York, NY field office was due, at the latest, twenty working days after February 28, 2011, which would have been March 28, 2011.

451.    As of the filing of this Complaint, Plaintiff has not received responses to his October 22, 2010 FOIA request (unknown tracking number) and February 11, 2011 FOIA requests regarding Miyun Park (1156549-000) with determinations as to whether the FBI will comply with the requests.

452.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his October 22, 2010 FOIA request (unknown tracking number) and February 11, 2011 FOIA requests (1156549-000) because the FBI has failed to comply with the statutory time limit.


## THE GINA LYNN REQUEST

453.    On July 7, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 4197) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Gina Lynn[.]"  Plaintiff included a privacy waiver signed by Gina Lynn.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

454.    In a letter sent to Plaintiff dated August 9, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1170870-000.

455.    Although Plaintiff does not know the exact date that the FBI received his FOIA request (1170870-000), the latest that the FBI could have received the request was

on August 9, 2011, the date of the letter in which FBI acknowledged receipt of the FOIA request (1170870-000).

456.    The FBI's response to Plaintiff's FOIA request (1170870-000) was due, at the latest, twenty working days after August 9, 2011, which would have been September 7, 2011.

457.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1170870-000) with a determination as to whether the FBI will comply with the request.

458.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1170870-000)  because the FBI has failed to comply with the statutory time limit.


## THE SARAH JANE BLUM REQUESTS

459.    On May 27, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service First Class mail requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Sarah Jane Blum (aka Sarahjane Blum)[.]"  Plaintiff included a privacy waiver signed by Sarah Jane Blum.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

460.    Plaintiff has not received an acknowledgment with respect to his May 27, 2011 FOIA request to the FBI described in the previous paragraph.  However, Plaintiff did receive a letter from the FBI dated June 8, 2011 regarding Plaintiff's May 27, 2011 FOIA request described in the previous paragraph which informed him that the FBI was "unable to identify responsive main files."  The June 8, 2011 letter from the FBI further

indicated that Plaintiff's May 27, 2011 FOIA request described in the previous paragraph had been assigned tracking number 1167305-000.

461.    On August 10, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0397 8637) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Sarah Jane Blum (aka Sarahjane Blum)[.]" Plaintiff's FOIA request noted that he had previously submitted a privacy waiver from Sarah Jane Blum.

462.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on August 12, 2011. In a letter sent to Plaintiff dated September 27, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1167305-001.

463.    The FBI's response to Plaintiff's FOIA request (1167305-001) was due twenty working days after the FBI received it on August 12, 2011, which would have been September 12, 2011.

464.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1167305-001) with a determination as to whether the FBI will comply with the request.

465.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1167305-001)  because the FBI has failed to comply with the statutory time limit.

## THE *GREEN IS THE NEW RED* REQUEST

466.    On February 10, 2012, Plaintiff sent a FOIA request (including cover letter) to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0311 2550 0000 5175 7622) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the Terrorist Screening Center, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to *Green is the New Red (aka www.GreenIsTheNewRed.com)*[.]"  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

467.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on February 13, 2012.  In a letter sent to Plaintiff dated February 15, 2012, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1182395-000.

468.    Plaintiff received a letter dated February 27, 2012 from the FBI regarding his request 1182395-000 stating that the agency was "unable to identify main file and any reference records responsive to" Plaintiff's request.

469.    On or about March 2, 2012, Plaintiff sent a letter to OIP via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0311 2550 0001 9751 6558), appealing the adequacy of the FBI's search for documents responsive to his FOIA request (1182395-000).  In his appeal, Plaintiff pointed out that the FBI had failed to conduct a search of the FBI's "Bureau Mailing Lists" records system and administrative records systems, even though Plaintiff had asked in his initial request that such systems be searched.  Plaintiff's appeal letter and any attachments are incorporated by reference as if set forth fully herein.

470.    Based on information from the United States Postal Service, Plaintiff's FOIA appeal described in the previous paragraph arrived at OIP on March 7, 2012.  In a letter sent to Plaintiff dated March 15, 2012, OIP acknowledged receipt of Plaintiff's FOIA appeal described in the previous paragraph and assigned it tracking number AP-2012-01627.

471.    OIP's response to Plaintiff's FOIA appeal (AP-2012-01627) was due twenty working days after OIP received it on March 15, 2012, which would have been April 4, 2012.

472.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA appeal (AP-2012-01627) with a determination regarding his appeal.

473.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1182395-000) because OIP has failed to comply with the statutory time limit.

## THE WILL POTTER REQUEST

474.    On December 20, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0311 2550 0001 9750 3664) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person William Edward Potter."  Plaintiff included a privacy waiver signed by William Edward Potter.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

475.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on December 23,

2011.  In a letter sent to Plaintiff dated January 12, 2012, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1179996-000.

476.    The FBI's response to Plaintiff's FOIA request (1179996-000) was due twenty working days after the FBI received it on December 23, 2011, which would have been January 25, 2012.

477.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request (1179996-000) with a determination as to whether the FBI will comply with the request.

478.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1179996-000)  because the FBI has failed to comply with the statutory time limit.


## THE SCREAMING WOLF REQUEST

479.    On November 22, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0311 2550 0001 9749 3743) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the Terrorist Screening Center, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the pseudonymous person Screaming Wolf."  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

480.    Based on information from the United States Postal Service, Plaintiff's FOIA request described in the previous paragraph arrived at the FBI on November 28, 2011.  In a letter sent to Plaintiff dated December 6, 2011, the FBI acknowledged receipt

of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1178088-000.

481.   Plaintiff received a letter dated December 13, 2011 from the FBI regarding his request 1178088-000 stating that release of information relating to a third party would violate the Privacy Act because Plaintiff had not furnished a Certificate of Identity form, proof of death, or public justification for release.  The letter further stated that such records are also generally exempt under Exemptions 6 and 7(c).

482.   On or about February 8, 2012, Plaintiff sent a letter to OIP via United States Postal Service Express mail, postage prepaid, delivery confirmation (EI 479787287 US), appealing the FBI's denial of his request for documents responsive to his FOIA request (1178088-000).  In his appeal, Plaintiff pointed out that Screaming Wolf is not a real person and therefore no privacy waiver can be obtained or is necessary. Further, Plaintiff explained how any minimal privacy interest is outweighed by significant public interest.  Finally, Plaintiff requested that the FBI be ordered to release any segregable portions.  Plaintiff's appeal letter and any attachments are incorporated by reference as if set forth fully herein.

483.   Based on information from the United States Postal Service, Plaintiff's FOIA appeal described in the previous paragraph arrived at OIP on February 9, 2012.  In a letter sent to Plaintiff dated March 2, 2012, OIP acknowledged receipt of Plaintiff's FOIA appeal described in the previous paragraph and assigned it tracking number AP-2012-01445.

484.   OIP's response to Plaintiff's FOIA appeal (AP-2012-01627) was due twenty working days after OIP received it on February 9, 2012, which would have been March 9, 2012.

485.    As of the filing of this Complaint, Plaintiff has not received a response to his FOIA appeal (AP-2012-01445) with a determination regarding his appeal.

486.    Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request (1178088-000) because OIP has failed to comply with the statutory time limit.


### THE *A DECLARATION OF WAR* REQUESTS

487.    On or about July 8, 2009, Plaintiff sent a FOIA request to the FBI via United States Postal Service First Class mail, postage prepaid, requesting a copy of "any and all information pertaining to the book: *A Declaration of War: Killing People to Save Animals and the Environment*." Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

488.    Although Plaintiff never received an acknowledgment letter regarding the FOIA request described in the previous paragraph, he did receive a response from the FBI dated July 23, 2009 regarding the FOIA request described in the previous paragraph (with the tracking number 1134526-000), stating that the FBI was not able to identify any responsive records.

489.    On November 22, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0311 2550 0001 9749 3743) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the publication *A Declaration of War: Killing People to Save Animals and the Environment* by 'Screaming Wolf.'" Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein. Based on information from the United States Postal

Service, Plaintiff's FOIA request described in this paragraph arrived at the FBI on November 28, 2011.

490.    Although Plaintiff never received an acknowledgment letter regarding the FOIA request described in the previous paragraph, he did receive a response from the FBI dated December 14, 2011 regarding the FOIA request described in the previous paragraph (with the tracking number 1179180-000), stating that the FBI was not able to identify main file records responsive to Plaintiff's request.

491.    On or about January 9, 2012, Plaintiff sent a letter to OIP via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0311 2550 0001 9750 2407), appealing the FBI's denial of his request for documents responsive to his FOIA request (1179180-000).  In his appeal, Plaintiff noted that the FBI failed to conduct a cross-reference search or a search of the Bureau Mailing Lists, as Plaintiff had requested.  As evidence of the inadequacy of the FBI's search, Plaintiff pointed to a 1993 DOJ report for which the FBI was a primary contributor, that referenced *A Declaration of War*.  Plaintiff's appeal letter and any attachments are incorporated by reference as if set forth fully herein.

492.    Based on information from the United States Postal Service, Plaintiff's FOIA appeal described in the previous paragraph arrived at OIP on January 13, 2012.  In a letter sent to Plaintiff dated January 20, 2012, OIP acknowledged receipt of Plaintiff's FOIA appeal described in the previous paragraph and assigned it tracking number AP-2012-01150.

493.    In a letter sent to Plaintiff dated March 27, 2012, OIP affirmed the FBI's withholding of documents in appeal AP-2012-01150.

## THE HYRAM KITCHEN MURDER AND NCIC REQUESTS

494.    On or about December 29, 2010, Plaintiff sent a FOIA request to the FBI's Headquarters via United States Postal Service First Class mail, postage prepaid, requesting a copy of "any and all information pertaining to the murder of Hyram Kitchen, and pertaining to the federal and local investigations of the murder of Hyram Kitchen." Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

495.    On or about December 29, 2010, Plaintiff sent a FOIA request to the FBI's Knoxville, TN field office via United States Postal Service First Class mail, postage prepaid, requesting a copy of "any and all information pertaining to the murder of Hyram Kitchen, and pertaining to the federal and local investigations of the murder of Hyram Kitchen." Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

496.    In a letter sent to Plaintiff dated January 22, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request to the Knoxville field office described in the previous paragraph and assigned it tracking number 1159897-000.

497.    On or about December 29, 2010, Plaintiff sent a FOIA request to the FBI's Memphis, TN field office via United States Postal Service First Class mail, postage prepaid, requesting a copy of "any and all information pertaining to the murder of Hyram Kitchen, and pertaining to the federal and local investigations of the murder of Hyram Kitchen." Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

498.    In a letter sent to Plaintiff dated January 10, 2011, the FBI acknowledged receipt of Plaintiff's FOIA requests to the Memphis field office and to FBI Headquarters and assigned them tracking number 1159897-000.

499.    Plaintiff received a letter dated April 18, 2011 from the FBI regarding his request 1159897-000 stating that the information Plaintiff requested is located in an investigative file which is exempt from disclosure pursuant to Exemption 7(a).

500.    On September 2, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0308 0660 0001 4567 8732) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the murder of Hyram Kitchen, and pertaining to the federal and local investigations of the murder of Hyram Kitchen." Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein. Based on information from the United States Postal Service, Plaintiff's FOIA request described in this paragraph arrived at the FBI on September 6, 2011.

501.    Although Plaintiff never received an acknowledgment letter regarding the FOIA request described in the previous paragraph, he did receive a response from the FBI dated December 22, 2011 regarding the FOIA request described in the previous paragraph (with the tracking number 1159897-001), stating that Plaintiff's FOIA request was previously addressed in an April 18, 2011 letter (referencing FOIA request 1159897-000).

502.    On or about January 5, 2012, Plaintiff sent a letter to OIP via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0311 2550 0001 9750 0830), appealing the FBI's denial of his FOIA request (1159897-001). In his appeal, Plaintiff pointed out that his September 2, 2011 FOIA request (1159897-001) was broader than his previously submitted FOIA request (1159897-000). Plaintiff further argued that the FBI's withholding of records under Exemption 7(a) was improper, that

102

the FBI failed to releasable segregable information, and that the FBI's search was inadequate. Plaintiff's appeal letter and any attachments are incorporated by reference as if set forth fully herein.

503. Based on information from the United States Postal Service, Plaintiff's FOIA appeal described in the previous paragraph arrived at OIP on January 13, 2012. In a letter sent to Plaintiff dated January 20, 2012, OIP acknowledged receipt of Plaintiff's FOIA appeal described in the previous paragraph and assigned it tracking number AP-2012-01153.

504. In a letter sent to Plaintiff dated May 10, 2012, regarding appeal AP-2012-01153, OIP remanded the appeal to FBI for a search of responsive records.

505. On May 19, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service First Class mail, postage prepaid, delivery confirmation requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the (on or around) 21 February 1990 alert issued by the FBI's National Crime Information Center (NCIC) regarding the possibility of violence against unknown veterinary school deans by unknown animal rights activists." Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

506. In a letter sent to Plaintiff dated May 26, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1166938-000.

507. Plaintiff received a letter dated September 19, 2011 from the FBI regarding his request 1166938-000 stating that the information Plaintiff requested is

located in an investigative file which is exempt from disclosure pursuant to Exemption 7(a).

508.    On September 28, 2011, Plaintiff sent a letter to OIP via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0308 0660 0001 4568 8328), appealing the FBI's denial of his FOIA request (1166938-000).  In his appeal, Plaintiff argued that the FBI failed to releasable segregable information. Plaintiff's appeal letter and any attachments are incorporated by reference as if set forth fully herein.

509.    Based on information from the United States Postal Service, Plaintiff's FOIA appeal described in the previous paragraph arrived at OIP on October 4, 2011.  In a letter sent to Plaintiff dated October 14, 2011, OIP acknowledged receipt of Plaintiff's FOIA appeal described in the previous paragraph and assigned it tracking number AP-2012-00136.

510.    In a letter sent to Plaintiff dated October 27, 2012, OIP affirmed the FBI's withholding of documents in appeal AP-2012-00136.

## THE CAMILLE MARINO REQUEST

511.    On July 22, 2011, Plaintiff sent a FOIA request to the FBI via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0310 2010 0002 0396 9642) requesting a copy of "any and all records that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the living person Camille Angela Marino."  Plaintiff included a privacy waiver signed by Camille Angela Marino.  Plaintiff's FOIA request and any attachments are incorporated by reference as if set forth fully herein.

512.     In a letter sent to Plaintiff dated August 19, 2011, the FBI acknowledged receipt of Plaintiff's FOIA request described in the previous paragraph and assigned it tracking number 1171502-000.

513.     Plaintiff received a letter dated December 6, 2011 from the FBI regarding his request 1171502-000 stating that the agency was "unable to identify main file records responsive to" Plaintiff's request.

514.     On or about January 9, 2012, Plaintiff sent a letter to OIP via United States Postal Service Priority mail, postage prepaid, delivery confirmation (0311 2550 0001 9750 2407), appealing the FBI's denial of his request for documents responsive to his FOIA request (1171502-000).  In his appeal, Plaintiff noted that the FBI failed to conduct a cross-reference search or a search of the Bureau Mailing Lists, as Plaintiff had requested.  Plaintiff's appeal letter and any attachments are incorporated by reference as if set forth fully herein.

515.     Based on information from the United States Postal Service, Plaintiff's FOIA appeal described in the previous paragraph arrived at OIP on January 13, 2012.  In a letter sent to Plaintiff dated January 20, 2012, OIP acknowledged receipt of Plaintiff's FOIA appeal described in the previous paragraph and assigned it tracking number AP-2012-01151.

516.     In a letter sent to Plaintiff dated March 27, 2012, OIP affirmed the FBI's withholding of documents in appeal AP-2012-01151.


COUNT I:
VIOLATION OF FOIA/PA

517.     This Count realleges and incorporates by reference all of the preceding paragraphs.

518.    Defendant has violated FOIA and PA by failing to perform an adequate search in response to Plaintiff's FOIA request regarding himself (tracking number 1167292-001).

519.    Defendant has violated FOIA by failing to perform an adequate search in response to Plaintiff's FOIA request regarding COK dated February 10, 2011 (no tracking number).

520.    Defendant has violated FOIA by failing to produce records responsive to Plaintiff's FOIA request regarding COK dated March 9, 2011 (tracking number 1143759-001).

521.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding FBR (tracking number 1171759-000).

522.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding NABR (tracking number 1171768-000).

523.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding AMP (tracking number 1172386-000).

524.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding AMA (tracking number 1171492-000).

525.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding CCF (tracking number 1172382-000).

526.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding NAIA (tracking number 1173044-000).

527.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding FICA (tracking number 1173385-000).

528.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding PI (tracking number 1171597-000).

529.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding USSC (tracking number 1182729-000).

530.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Joseph Buddenberg (tracking number 1170449-000).

531.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding FOA (tracking number 1143926-001).

532.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Julie Elizabeth Lewin (tracking number 1171428-000).

533.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding MFA (tracking number 1173573-000).

534.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Nathan Donald Runkle (tracking number 1167308-001).

535.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Rodney Adam Coronado (tracking number 1179204-000).

536.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Steven Paul Best (tracking number 1173506-000).

537.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding UARC (tracking number 1173555-000).

538.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Sean Diener (tracking number 1171892-000).

539.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Lauren Beth Gazzola (tracking number 1177804-000).

540.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Michael A. Budkie (tracking number 1170437-000).

541.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Peter Daniel Young (tracking number 1179685).

542.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Rick A. Bogle (tracking number 1170784-000).

543.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Stephen Omar Hindi (tracking number 1170104-000).

544.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Allison Helene Lance Watson (tracking number 1171456-000).

545.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding FFA (tracking number 1144639-001).

546.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Dallas Rachael Rising (tracking number 1168139-000).

547.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Iver R. Johnson, III (tracking number 1169590-000).

548.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Kevin Rich Olliff (tracking number 1169688-000).

549.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding the "Animal Liberation Front" Conference (tracking number 1173497-000).

550.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding AAVS (tracking number 1144151-001).

551.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding NEAVS (tracking number 1143766-001).

552.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding NAVS (tracking number 1020553-001).

553.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Kelly Ann Higgins (tracking number 1179601-000).

554.    Defendant has violated FOIA by improperly withholding records responsive to Plaintiff's FOIA request regarding ALF (ATF tracking number: 11-628; OIP Appeal number: AP-2011-02862).

555.    Defendant has violated FOIA by failing to perform an adequate search in response to Plaintiff's FOIA request regarding the U.S. Surgical Bombing Affair (ATF tracking number: 11-1208; OIP Appeal number: AP-2012-00167).

556.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding LCA (tracking number 1156519-001).

557.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Aaron Glenn Leider (tracking number 1169540-000).

558.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Chris DeRose (tracking number 1167816-000).

559.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Jack D. Carone (tracking number 1167824-000).

560.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Linda T. Tannenbaum (tracking number 1167840-000).

561.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Crescent Vellucci (tracking number 1168703-000).

562.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Jonathan Christopher Mark Paul (tracking number 1167949-000).

563.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Leslie Stewart (tracking number 1168146-000).

564.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Sheila Laracy (tracking number 1167894-000).

565.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Henry Hutto (tracking number 1168089-000).

566.     Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding ALFSG (tracking number 1168026-001).

567.     Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding ADL (tracking number 1157033-000).

568.     Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding No Compromise (tracking number 1156579-000).

569.     Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Lindsay Parme (tracking number 1156661-000).

570.     Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Kimberly Ann Berardi (tracking number 1169365-000).

571.     Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Freeman Wicklund (tracking number 1167538-000).

572.     Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Patrick Kwan (tracking number 1169433-000).

573.     Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Peter George Schnell (tracking number 1169971-000).

574.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Adam Weissman (tracking number 1169475-000).

575.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Andrea Joan Lindsay (tracking number 1169594-000).

576.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Josh Trenter (tracking number 1169943-000).

577.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Joseph W. Bateman (tracking number 1169964-000).

578.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding David Patrick Hayden (tracking number 1169999-000).

579.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA requests regarding Miyun Park (unknown tracking number and tracking number 1156549-000).

580.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Gina Lynn (tracking number 1170870-000).

581.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Sarah Jane Blum (tracking number 1167305-001).

582.    Defendant has violated FOIA by failing to perform an adequate search in response to Plaintiff's FOIA request regarding *Green is the New Red* (tracking number 1182395-000) and by failing to timely respond with a determination as to Plaintiff's appeal regarding the same (tracking number AP-2012-01627).

583.    Defendant has violated FOIA by failing to timely respond with a determination as to whether it will comply with Plaintiff's FOIA request regarding Will Potter (tracking number 1179996-000).

584.    Defendant has violated FOIA by improperly withholding records in response to Plaintiff's FOIA request regarding Screaming Wolf (1178088-000) and by failing to timely respond with a determination as to Plaintiff's appeal regarding the same (OIP Appeal number AP-2012-01627).

585.    Defendant has violated FOIA by failing to perform an adequate search in response to Plaintiff's FOIA request regarding *A Declaration of War* (FBI tracking number 1179180-000; OIP tracking number AP-2012-01150).

586.    Defendant has violated FOIA by improperly withholding records in response to Plaintiff's FOIA request regarding the Hyram Kitchen murder (1159897-001, OIP Appeal number AP-2012-01153).

587.    Defendant has violated FOIA by improperly withholding records in response to Plaintiff's FOIA request regarding the February 21, 1990 NCIC Alert (FBI tracking number 1166938-000, OIP tracking number AP-2012-00136).

588.    Defendant has violated FOIA by failing to perform an adequate search in response to Plaintiff's FOIA request regarding Camille Marino (FBI tracking number 1171502-000, OIP Appeal number AP-2012-01151).

589.    Plaintiff has been and will continue to be irreparably harmed until Defendant is ordered to comply with Plaintiff's FOIA request.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Enjoin Defendant from continuing to withhold the records responsive to Plaintiff's

FOIA request and otherwise order Defendant to produce the requested records

without further delay;

(3) Grant Plaintiff an award of attorney fees and other litigation costs reasonably

incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i); and

(4) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

__/s/ Jeffrey Light_____

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington , DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff*