**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RYAN NOAH SHAPIRO,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Civil Action No. 12-313 (BAH)<br><br>Judge Beryl A. Howell |

## ORDER

Upon consideration of the Defendant's Response to Show Cause Order, ECF No. 22, the plaintiff's Reply to Defendant's Response to Show Cause Order, ECF No. 23, and the Declaration of Ryan Shapiro, ECF No. 24-1, the Court finds that the defendant has clearly demonstrated that the Declaration of Michael A. Clancy must be filed *ex parte* and *in camera* because it contains "law enforcement sensitive information regarding the FBI's domestic terrorism program," and therefore public disclosure of its contents could "compromise national security [or] threaten the integrity of the FBI's domestic terrorism law enforcement mission and efforts." ECF No. 22 at 1, 4.

The D.C. Circuit has held that "a trial court should not use *in camera* affidavits unless necessary and, if such affidavits are used, it should be certain to make the public records as complete as possible." *Lykins v. U.S. Dep't of Justice*, 725 F.2d 1455, 1465 (D.C. Cir. 1984); *accord Armstrong v. Exec. Office of the President*, 97 F.3d 575, 580–81 (D.C. Cir. 1996). First, the Court rejects the plaintiff's argument that the Clancy Declaration "is utterly irrelevant to the issues that the Court will need to decide." ECF No. 23, at 1. As the defendant stated in response to the Court's Order to Show Cause, the Clancy Declaration contains "law enforcement sensitive

information regarding the FBI's domestic terrorism program related to animal rights extremism, and shows how the FBI's efforts to combat domestic terrorism will be threatened if the FBI does not have sufficient time to review and process the material to which Plaintiff seeks access." ECF No. 22, at 4.  This is in addition to the defendant's statement in its Motion for *Open America* Stay that the "inter-related nature of the records" requested by the plaintiff in the 81 FOIA requests at issue in this action will require the defendant to analyze each requested piece of information "in context with other inter-related information and determine whether, if pieced together, the information would reveal how the FBI's Domestic Terrorism Program operates, and the sources, techniques, and methods utilized."  Def.'s Mot. for Open America Stay at 13–14 (citing Clancy Declaration).  Thus, the Clancy Declaration is clearly relevant to determining the merits of the defendant's "mosaic theory," offered in support of its Motion for *Open America* Stay.

Moreover, because the Clancy Declaration contains information that would jeopardize the integrity of ongoing law enforcement efforts if publicly disseminated, the Court "is limited to the stark choice of receiving [that information] *ex parte* and *in camera*, or receiving it not at all." *Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 1470 (D.C. Cir. 1983).  Thus, the Court finds that the crucial interest in maintaining the integrity and secrecy of ongoing domestic terrorism investigations sufficiently outweighs the interests of the adversary system to warrant the defendant's filing of the Clancy Declaration *ex parte* and *in camera*.[1]  *See, e.g.*, *Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1385 (D.C. Cir. 1979) ("In a limited range of security cases, it is

---

[1] The plaintiff's argument that domestic terrorism does not necessarily concern national security, *see* ECF No. 23, at 3–4, misses the point and is largely without merit.  *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 698 (2001) (noting that "terrorism or other special interests" might require "heightened deference to the judgments of the political branches with respect to matters of national security").  Even if the domestic terrorism investigations discussed in the Clancy Declaration did not directly implicate national security, maintaining the integrity and secrecy of ongoing law enforcement investigations into acts of domestic terrorism is sufficiently crucial to outweigh the plaintiff's and *amici*'s interests in being able to "examine and comment on" the Clancy Declaration.  *See* ECF No. 23, at 3.

simply not possible to provide for orderly and responsible decisionmaking . . . without some sacrifice to the pure adversary process."). Furthermore, the public record has been made as complete as possible by the defendant's filing of a redacted version of the Clancy Declaration, *see* ECF No. 22-1, which "releases as much information to Plaintiff and the public as possible without compromising the very law enforcement and national security interests it is trying to safeguard from disclosure." ECF No. 22, at 4 n.3. Accordingly, it is hereby

**ORDERED** that the Declaration of Michael A. Clancy may be submitted to the Court *ex parte* for *in camera* review, and any objection to this procedure by the plaintiff is OVERRULED.

**SO ORDERED.**

Date: September 19, 2012

                                                    /s/ *Beryl A. Howell*
                                                  BERYL A. HOWELL
                                                  United States District Judge