UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN NOAH SHAPIRO, </br></br>            PLAINTIFF </br> vs. </br></br> DEPARTMENT OF JUSTICE, </br></br>            DEFENDANT | ) </br> ) </br> ) Civil Action No. 1:12-cv-313 (BAH) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## JOINT STATUS REPORT

Pursuant to the Court's order of October 12, 2017, the parties are filing this report regarding the issue of a "sampling approach" for briefing the applicability of exemptions. After conferring, the parties were able to reach an agreement on how to conduct the sampling. Therefore the parties respectfully request that the Court adopt the following proposal or any other proposal the Court deems appropriate:

1. The FBI has asserted Exemption 7(A) to withhold all records pertaining to ongoing investigations. The parties propose that Plaintiff identify for inclusion in the *Vaughn* index five requests as to which the FBI has asserted Exemption 7(A) to withhold all records pertaining to an ongoing investigation. The parties will brief the issue of whether the withholdings pursuant to Exemption 7(A) were proper at the time they were made *as opposed to at the time of briefing*. *Bonner v. United States Dep't of State*, 928 F.2d 1148 (D.C. Cir. 1991).

2. Because of the uniqueness of this case, Defendant also considered (1) given that the processing of records in this case has taken over five years and it is possible

1

that some "ongoing investigations" may have since concluded, whether it would be required to go back and reprocess and reevaluate its Exemption 7(A) claims; or (2) whether given the massive number of records, to break up all the FOIA Exemption 7(A) records and brief them in stages. There are also attendant and related *Maydak* or waiver concerns. The parties will continue to confer regarding the issue of how to address the possibility that "ongoing investigations" may have concluded during the course of this case.

3. Regarding other assertion of other exemptions where Exemption 7(A) has not been invoked categorically, a 500-page sample will be selected as follows:

    a. Plaintiff will select 400 pages, identifying each page by Bates number, for inclusion in the sample

    b. Additionally, a random sampling of 100 pages withheld-in-full will be included in the sample. The random sample will be selected by inclusion of every 50th fully withheld page

4. The FBI will include in its *Vaughn* index a justification for the withholdings in the 500-page sample.

5. If required by the Court, Defendant could submit unredacted the 500-page sample *ex parte* for an *in camera* review.

If the Court finds this proposal acceptable, the parties will submit proposed dates for the following events:

a. Plaintiff to identify to the FBI the five requests for which Exemption 7(A) was asserted, along with the 400 pages to be included in the sample

b. Defendant to file its Motion for Summary Judgment

c. Plaintiff to file his opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment

d. Defendant to file its reply in support of its Motion for Summary Judgment and opposition to Plaintiff's Cross-Motion for Summary Judgment

e. Plaintiff to file his reply in support on his Cross-Motion for Summary Judgment

Respectfully Submitted,

____/s/ Jeffrey Light_____
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com
*Counsel for Plaintiff*

JESSIE K. LIU, D.C. Bar# 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

/s/ KENNETH ADEBONOJO_____
Assistant United States Attorney
Civil Division

555 4th Street, N.W.  
Washington, D.C. 20530  
(202) 252-2562  
(202) 252-2599 (facsimile)  
kenneth.adebonojo@usdoj.gov