UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN NOAH SHAPIRO,

Plaintiff,

v.

DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 12-cv-313 (BAH)

Chief Judge Beryl A. Howell

## MEMORANDUM OPINION AND ORDER

Plaintiff Ryan Noah Shapiro seeks reconsideration of this Court's July 2, 2020, Order, ECF No. 126, granting in part and denying in part defendant Department of Justice's ("DOJ") motion for summary judgment, and denying plaintiff's request for discovery pursuant to Rule 56(d) and cross-motion for summary judgment. *See* Pl.'s Mot. for Reconsideration ("Pl.'s Mot."), ECF No. 128. For the reasons below, the motion is denied. Moreover, given that all issues that remained after the Court's July 2, 2020, Order have now been resolved, summary judgment is granted to DOJ in all respects.

## I.   BACKGROUND

The background of this eight-and-a-half-year-old litigation under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq*., has been thoroughly cataloged elsewhere and need not be repeated. *See generally Shapiro v. Dep't of Justice*, Civil Action No. 12-cv-313 (BAH), 2020 WL 3615511 (D.D.C. July 2, 2020). This dispute is but a minor planet in the Shapiro galaxy of FOIA litigation, and only the pertinent background will be discussed. Briefly, at issue in this action were 83 FOIA requests plaintiff submitted to both the Federal Bureau of Investigation ("FBI") and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"),

1

both components of DOJ, between 2005 and 2012. *Id.* at *1. DOJ reviewed hundreds of thousands of records and processed and released, in whole or in part, tens of thousands. *Id*. at *2.

Following a years-long stay of this case to allow DOJ to review, process, and produce the mountain of responsive records, the parties began discussing the filing of dispositive motions. Given the enormity of the FBI's disclosure, the parties agreed on a "sample" briefing method, though they adopted a more traditional briefing procedure for ATF's comparatively miniscule disclosure. *Id*. at*3. The parties agreed on a small sample of FBI documents to use in testing the propriety of the FBI's withholdings. *Id*. After the briefing procedures were settled, DOJ filed its motion for summary judgment on October 22, 2018. *Id*. at *3; *see also* Def.'s Mot. for Summ. J. at 1, ECF No. 97. Over the next 14 months, the parties traded briefs on their cross-motions for summary judgment, with plaintiff receiving eight extensions on deadlines for his various filings, *see* Min. Order (Dec. 19, 2018); Min. Order (Jan. 22, 2019); Min. Order (Feb. 22, 2019); Min. Order (Feb. 27, 2019); Min. Order (Sept. 25, 2019); Min. Order (Oct. 23, 2019); Min. Order (Nov. 27, 2019); Min. Order (Dec. 6, 2019), and DOJ receiving eleven extensions of its own, *see* Min. Order (June 13, 2018); Min. Order (July 27, 2018); Min. Order (Sept. 5, 2018); Min. Order (Oct. 4, 2018); Min. Order (Oct. 12, 2018); Min. Order (Oct. 22, 2018); Min. Order (Apr. 25, 2019); Min. Order (June 7, 2019); Min. Order (July 3, 2019); Min. Order (July 24, 2019); Min. Order (Aug. 5, 2019).

On July 2, 2020, this Court entered an Order granting in part and denying in part DOJ's Motion for Summary Judgment, ECF No. 97, and denying both plaintiff's Request for Discovery Pursuant to Rule 56(d), ECF No. 102, and Cross Motion for Summary Judgment, ECF No. 105. Order (July 2, 2020). That Order resolved nearly every one of the parties' disputes. Indeed,

DOJ's motion was denied only with respect to one 4-page document improperly withheld in part

by the FBI, and to the ATF's application of FOIA Exemptions 3 and 4 to withhold a handful of

documents. *Shapiro*, 2020 WL 3615511 at *45; *see also* Order (July 2, 2020). DOJ was ordered

to either release those documents or submit a renewed motion for summary judgment defending

their continued withholding. Order (July 2, 2020). DOJ chose the former and released the

records that had been improperly withheld. *See* Def.'s Mot. to Enlarge Time to File Def.'s

Renewed Mot. for Summ. J. at 2 n.1, ECF No. 129 (explaining that the "FBI released an

unredacted version of the only document that the Court found that it had unlawfully withheld");

Def.'s Not. of Release of Records Withheld Pursuant to Exemptions 3 and 4 in Lieu of Renewed

Mot. for Summ. J. at 1, ECF No. 133 (explaining that ATF released all records the Court had

held were improperly withheld).

On July 30, 2020, plaintiff filed the instant motion requesting reconsideration of this

Court's July 2, 2020 Order under Federal Rule of Civil Procedure 54(b). In particular, he

requested the Court reconsider its Order with respect to its holding regarding the FBI's

application of FOIA Exemptions 6 and 7(C). DOJ submitted its opposition on Aug. 14, 2020,

Def.'s Opp'n to Pl.'s Mot. ("Def.'s Opp'n"), ECF No. 131, and plaintiff his reply on August 21,

2020, Pl.'s Reply Supp. Pl.'s Mot. ("Pl.'s Reply"), ECF No. 132. As discussed further below,

the Court requested additional briefing on September 3, 2020, which was submitted by the

plaintiff and DOJ on September 9 and 10, 2020, respectively. *See* Min. Order (Sept. 3, 2020);

Pl.'s Resp. to Order of the Court ("Pl.'s Resp."), ECF No. 134; Def.'s Resp. to Order of the

Court ("Def.'s Resp."), ECF No. 135. Plaintiff's motion is now ripe for decision.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 54(b) authorizes entry of final judgment on fewer than all claims in a case, "only if the court expressly determines that there is no just reason for delay," and further authorizes that "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  FED. R. CIV. P. 54(b).  Unlike Rule 59(e), which governs motions for reconsideration of "a final judgment," *Cobell v. Jewell* ("*Cobell I*"), 802 F.3d 12, 19 (D.C. Cir. 2015), "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 25 (quoting *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22 (1st Cir. 1985) (Breyer, J.)); *see also Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) ("Rule 54(b) . . . recognizes [a court's] inherent power to reconsider an interlocutory order 'as justice requires.'" (quoting *Greene*, 764 F.2d at 22)).  A summary judgment motion that "ensure[s] that litigation will continue in the District Court," like the one plaintiff here urges should be reconsidered, is an interlocutory order since it is not a "final decision[]" of the Court.  *United States v. Rose*, 28 F.3d 181, 185 (D.C. Cir. 1994) (quoting *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 498 (1989)).

## III.    DISCUSSION

Plaintiff does not precisely identify why he thinks "justice requires" revision of the Court's interlocutory order.  Several circumstances have been identified as warranting Rule 54(b) reconsideration, including "where the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, erred not in reasoning but in

apprehension of the relevant issues, or failed to consider a significant change in the law or facts since its decision." *Hispanic Affs. Project v. Perez*, 319 F.R.D. 3, 6 (D.D.C. 2016) (quoting *Liff v. Off. of the Inspector Gen. for the U.S. Dep't of Labor*, Civ. Action No. 14-cv-1162 (JEB), 2016 WL 6584473, at *4 (D.D.C. Nov. 7, 2016)); *see also Cobell v. Norton* ("*Cobell II*"), 224 F.R.D. 266, 272 (D.D.C. 2004)).   Although this list may not exhaust the potential justifications for reconsideration, exercise of the discretion granted under Rule 54(b) to revisit earlier rulings in the same case is "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (quoting *Off. Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)); *see also Nat. Res. Def. Council, Inc. v. Env't Prot. Agency*, —F. Supp. 3d—, 2020 WL 5632410, *3 (D.D.C. 2020) (same); *Jordan v. United States Dep't of Justice*, Civ. Action No. 17-2702 (RC), 2019 WL 2028399, *2 (D.D.C. May 8, 2019) (same).

   Plaintiff's failure to name which of the several possible bases for Rule 54(b) reconsideration applies to his case has a simple explanation—none of them apply.   Plaintiff does not point to any "patent[] misunderst[anding]" on the part of the Court nor does he allege the Court committed an "err[or] . . . in apprehension of the relevant issues." *Hispanic Affs. Project*, 319 F.R.D. at 6.   He does not identify any "significant change in the law or facts since" the Court's decision.   *Id*.   Moreover, there is no suggestion that the Court's opinion ventured "outside the adversarial issues presented by the parties."   *Id*.   Instead, as detailed below, plaintiff's motion is a belated summary judgment surreply disguised as a Rule 54(b) motion.

To fully understand plaintiff's bid for "reconsideration" of the Court's holding that the FBI properly asserted FOIA Exemptions 6 and 7(C), a bit more background is necessary.  As noted in the Memorandum Opinion targeted by plaintiff's instant motion, "FOIA Exemption 6 shields from disclosure 'personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.'"  *Shapiro*, 2020 WL 3615511 at *28 (quoting 5 U.S.C. § 552(b)(6)).  Meanwhile "Exemption 7(C) protects 'records or information compiled for law enforcement purposes, but only to the extent that the production' of those records 'could reasonably be expected to constitute an unwarranted invasion of personal privacy.'"  *Id*. (quoting 5 U.S.C. § 552(b)(7)(C)).  These exemptions aim to "protect the privacy of individuals identified in certain agency records."  *Am. Civil Liberties Union v. United States Dep't of Justice*, 655 F.3d 1, 6 (D.C. Cir. 2011).  In this case, the FBI asserted these exemptions in conjunction with one another.  *Shapiro*, 2020 WL 3615511 at *28.  Plaintiff did not dispute that the records at issue had been "compiled for law enforcement purposes," 5 U.S.C. § 552(b)(7)(C), however, so only the propriety of the FBI's application of Exemption 7(C) and its "lower bar for withholding," was analyzed, *Shapiro*, 2020 WL 3615511 at *28 (quoting *Am. Civil Liberties Union*, 655 F.3d at 6).

Determining whether Exemption 7(C) has been properly invoked requires balancing the "privacy interest" asserted by the agency "against the public interest in disclosure."  *Nat'l Archives and Recs. Admin. v. Favish*, 541 U.S. 157, 171 (2004) (citing *United States Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 762 (1989)).  Here, plaintiff did not argue that the public's interest in disclosure outweighed the FBI's asserted privacy interests.  *Shapiro*, 2020 WL 6315511 at *29.  Instead, he made several *ad hoc* attempts to show that, with respect to the individuals whose names were redacted pursuant to Exemption 7(C), no privacy

interest whatsoever attached.  *Id*.  One such attempt was to contend that "[t]he FBI . . . ha[d] frequently redacted the names of individuals for whom" plaintiff had, at the time he submitted his FOIA requests, "submitted a privacy waiver."  Pl.'s Summ. J. Mem. of Points and Auths. Supp. Pl.'s Cross-Mot. for Summ J. ("Pl.'s Summ. J. Mem.") at 17–18, ECF No. 105-1.  The implication of this argument was that, if a privacy waiver had been submitted for a given individual, the FBI could not withhold that name under Exemption 7(C).  Plaintiff identified the sample pages purportedly containing such mistaken redactions in an "Addendum" attached to his cross-motion for summary judgment, which Addendum, he asserted, "list[ed] numerous instances" of Exemption 7(C)'s misapplication.  *Id*. at 18.  The Addendum was a chart showing different columns, each corresponding with a different one of plaintiff's theories about why the application of Exemption 7(C) was inappropriate.  In the column labeled "Waiver Submitted" plaintiff placed an "X" next to the page numbers he believed contained improper redactions of the names of individuals for whom he had submitted a privacy waiver at the time he made his FOIA request.  Addendum to Pl.'s Cross-Mot. Summ. J. ("Pl.'s Add.") at 1–15, ECF No. 105-7.

As explained in the July 2, 2020 Memorandum Opinion, plaintiff's conclusory statement that the pages identified in his Addendum contained redactions of the names of individuals for whom he submitted a privacy waiver was not enough to show that Exemption 7(C) had been improperly applied.  For one, plaintiff did "not explain how he" purported to "know[] that the challenged redactions related to individuals for whom he submitted privacy waivers."  *Shapiro*, 2020 WL 3615511 at *29.  "Second," he had not "attached the privacy waivers in question to his cross-motion for summary judgment," meaning "whether the waiver" actually "extended to the information redacted" could not be determined.  *Id*.  In other words, plaintiff had merely pointed to certain page numbers and alleged that he had likely submitted a privacy waiver for an

individual whose name was redacted on those pages. With nothing in the summary judgment record substantiating that speculation, plaintiff had not overcome the presumptive exemption "names and identifying information of third parties contained in investigative files" enjoy. *Citizens for Responsibility and Ethics in Washington v. United States Dep't of Justice*, 746 F.3d 1082, 1096 (D.C. Cir. 2014).[1]

Plaintiff's motion for reconsideration does not point to any changed legal or factual circumstances that would alter that conclusion. Instead, as described below, his motion attempts to bolster the argument he already made with respect to privacy waivers by submitting additional materials he had ample opportunity to provide on the first go-around. Specifically, he attempts to rectify one of the deficiencies identified by the Court by filing the privacy waivers of ten individuals he apparently had submitted alongside his FOIA requests. Pl.'s Mot., Ex. A, ECF No. 128-1. He did not, however, attempt to rectify the other deficiency: again, he provided no argument as to why he believes that the names of those ten individuals were hidden behind the redactions on the page numbers he had identified.

For that reason, DOJ argued that "[p]laintiff has not and cannot demonstrate that 'justice requires' reconsideration." Def.'s Opp'n at 1. DOJ could have stopped there, but went further and directly addressed plaintiff's claim that the FBI had redacted those precise names. To do

---

[1] As the Court noted in its Memorandum Opinion, plaintiff's motion was not a model of clarity in describing the information in his Addendum. His summary judgment memorandum alleged "numerous instances" when the FBI "redacted the names of individuals for whom" he had submitted either "a privacy waiver or obituary" at the time he filed his FOIA requests. Pl.'s Summ. J. Mem. at 17–18. Although one of the chart's columns was labeled "deceased," plaintiff concedes that the individuals there listed were not ones for whom he had submitted an obituary. Pl.'s Mem. of Points and Auths. Supp. Pl.'s Mot. ("Pl.'s Mem.") at 2. The Court thus noted that "some question . . . remain[ed] as to whether" plaintiff used the "waiver submitted" column "to identify potential redactions of identifying information of both individuals for whom . . . he submitted a privacy waiver *and* for whom he submitted an obituary." *Shapiro*, 2020 WL 3615511 at *29 n.25 (emphasis added). Plaintiff now clarifies that the "redactions identified in the 'waiver submitted' column are only for identifying information of individuals as to whom plaintiff submitted a privacy waiver." Pl.'s Mem. at 2. That clarification is immaterial. The Court held that, whether the redactions identified in the column were of individuals for whom plaintiff had submitted an obituary or a privacy waiver, plaintiff had not shown that Exemption 7(C) had been misapplied. *Shapiro*, 2020 WL 3615511 at *29–30.

this, DOJ submitted the declaration of Michael G. Seidel, the Section Chief of the FBI's

"Record/Information Dissemination Section," who, by dint of his position, was "familiar with

the FBI's handling" of plaintiff's FOIA requests.  1st Decl. of Michael G. Seidel ("1st Seidel

Decl.") ¶¶ 1, 3, ECF No. 131-1.  He explained that "[f]ollowing Plaintiff's Motion for

Reconsideration, the FBI conducted another review of the pages questioned by Plaintiff."  *Id*.

¶ 7.  That review confirmed that "[n]o names of any individual for whom Plaintiff provided a

privacy waiver were withheld" pursuant to the exemptions plaintiff identified.  *Id*.

      Plaintiff pounced on this assertion.  He stated that the FBI's declaration was "most likely

inaccurate and submitted in bad faith."  Pl.'s Reply at 1.  He demanded that DOJ be required to

"explain to the Court . . . how any inaccuracies in the Seidel declaration arose so that the Court

can determine whether the same type of error infected the processing of the documents at issue"

in the rest of the case.  *Id*.  In support of these claims, plaintiff provided a single "example" of

evidence he said "strongly suggests" the FBI had improperly withheld information.  *Id*. at 2.  On

a page with Bates No. Shapiro-29237, plaintiff hypothesized that the FBI had withheld the name

of "Chris DeRose," an individual for whom he had submitted a privacy waiver, pursuant to

Exemptions 6 and 7(C).  Pl.'s Reply at 2; *see also* Pl.'s Mot., Ex. A at 6.  The Court directed the

government to respond to this claim.  Min. Order (Sept. 3, 2020).  DOJ stuck to its guns, and in

another declaration asserted that "[a]fter another review of Shapiro-29237–38, the FBI reaffirms

it is not asserting" Exemption 6 or 7(C) "to withhold the name of Chris DeRose on those pages."

2d Decl. of Michael G. Seidel ("2d Seidel Decl.") at 4, ECF No. 135-1.  In conjunction with that

response DOJ filed an *ex parte* and *in camera* declaration which provided an unredacted copy of

the document in question.  *See* Min. Order (Sept. 11, 2020).  The Court has reviewed that filing

and is satisfied that DOJ has not withheld Chris DeRose's name on Shapiro 29237 pursuant to

Exemption 6 or 7(C).[2]  The first piece of evidence plaintiff provided in the long pendency of this case to show that Exemption 6 and 7(C) had been applied to an individual for whom he submitted a privacy waiver was thus a dead end.

At the same time the Court directed the government to respond to plaintiff's claim of impropriety, it also directed plaintiff "to explain what evidence he possesses, other than the alleged error on page Shapiro-29237," that the assertion in the Seidel Declaration was incorrect. Min. Order (Sept. 3, 2020).  Although plaintiff's initial motion for reconsideration claimed that the FBI had committed "29 errors" in applying Exemption 6 and 7(C) to individuals for whom he submitted a privacy waiver, Pl.'s Mem. of Points and Auths. Supp. Pl.'s Mot. ("Pl.'s Mem.") at 4, ECF No. 128, plaintiff's response to the Court's Order, despite being his fourth or fifth bite at the apple, identified only six additional pages for which he purported to have evidence of error, Pl.'s Resp. at 2–5.

Plaintiff's "gotcha" evidence submitted along with his reply led nowhere, and indeed the additional pages he has now submitted appear to be likewise deficient.[3]  In other corners of this

_____

[2]     Plaintiff recognizes that notations on Shapiro-29237 indicate that the redactions may have been made pursuant to FOIA Exemption 3 which exempts records "specifically exempted from disclosure by [a] statute" other than FOIA, "if that statute" either "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue[] or . . . establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3).  He argues, however, that even if that exemption was the one being applied, it was done so "in error."  Pl.'s Resp. at 5.  Arguments raised for the first time in reply are typically waived, *Stand Up for California! v. United States Dep't of Interior*, 204 F. Supp. 3d 212, 313 n.51 (D.D.C. 2016), as are arguments raised for the first time in a filing made, as here, even later than the reply, after the Court has rendered a decision.  The Court will not entertain this last-ditch effort.

[3]     For example, plaintiff points to a page with Bates No. Shapiro-21178, Pl.'s Resp., Ex. 5, ECF No. 134-1, on which he believes the name of an individual has been mistakenly redacted.  He concedes, however, that notations on that page suggest that the FBI may also have redacted the information pursuant to Exemption 7(D), Pl.'s Resp. at 4, which provides for the withholding of law enforcement records that may "disclose the identity of a confidential source."  5 U.S.C. § 552(b)(7)(D).  While this might explain the redaction of the individual's name from the page, if indeed it appears there, he says that withholding her name under that Exemption would nonetheless be "improper in light of the privacy waiver."  Pl.'s Resp. at 4.  This argument is waived, as it appears for the first time in his response to the Court's Order after briefing on his motion for reconsideration was already complete.  *Stand Up for California!*, 204 F. Supp. 3d at 313 n.51.

On another page, Shapiro-218, Pl.'s Resp., Ex. 7, ECF No. 134-1, plaintiff again believes a name was improperly redacted, Pl.'s Resp. at 4.  That page describes the redacted name as that of "an older member of the Animal Rights Movement [who] has moved on to more green party-type issues for now."  Pl.'s Resp., Ex. 7 at 1.

dispute, plaintiff has "cherry-picked" single documents here and there from both inside and outside this litigation and attempted to use them to suggest the FBI has globally mishandled his FOIA requests. *Shapiro*, 2020 WL 3615511 at *10. On the vast majority of occasions, those attempts have been denied. *See, e.g.*, *id*. at *7–8, 10, 38. Plaintiff's motion for reconsideration invites the Court to play yet another game of whack-a-mole. It declines.

One thing is abundantly clear from plaintiff's recent filings, however: there is nothing "new" about his argument. *See Moore v. Johnson*, 303 F.R.D. 105, 109 (D.D.C. 2014) (denying Rule 54(b) motion where government attempted "to re-litigate the same issues in its motion for reconsideration" due to failure to "present sufficient arguments supporting its initial request"); *Clemente v. FBI*, 64 F. Supp. 3d 110, 117 (D.D.C. 2014) (denying Rule 54(b) motion because "Plaintiff raise[d] the same arguments that [the] Court ha[d] thrice addressed and rejected"). From the outset of summary judgment briefing, plaintiff has asserted that the FBI withheld the identifying information of individuals for whom he submitted a privacy waiver. Pl.'s Summ. J. Mem. at 17–18. The only thing new about these filings is that he has attempted to support that contention with evidence. Despite having over four months to compile his cross-motion for summary judgment and despite no limitations being placed on his filings, *see, e.g.*, Min. Order (Dec. 6, 2019) (granting plaintiff's motion for leave to exceed page limit), that evidence was not produced until after the Court had made its decision. "The considerations embedded in the 'as justice requires' standard leave a great deal of room for the court's discretion" and, accordingly, the standard amounts to a determination "whether relief upon reconsideration is necessary under

---

Plaintiff asserts both in his filing and in a declaration that "very few people fit this description." Pl.'s Resp. at 4; 7th Decl. of Ryan Noah Shapiro ("7th Shapiro Decl.") ¶ 4, ECF No. 134-2 ("This description matches only a small number of people."). He declares that the description appearing on the page, along with "additional information" he has, convinces him that the name is of an individual for whom he filed a privacy waiver. 7th Shapiro Decl. ¶ 7. Plaintiff's assertions that he thinks he knows whose name is redacted because, to his mind, it could only be one of a handful of people, similarly does not call into question the FBI's sworn assertion to the contrary.

the relevant circumstances." *Wannall v. Honeywell Int'l, Inc.*, 292 F.R.D. 26, 30 (D.D.C. 2013) (internal quotation marks and alteration omitted), *aff'd sub nom. Wannall v. Honeywell, Inc.*, 775 F.3d 425 (D.C. Cir. 2014).  Plaintiff has failed to explain why the evidence, such as it is, that he now belatedly presents could not have been filed a year and a half ago, when his cross motion for summary judgment was due.  For that reason, reconsideration is unwarranted.

Finally, in light of the fact that DOJ has chosen to release all of the records this Court found were improperly withheld rather than make a renewed motion for summary judgment, no dispute remains for judicial resolution.  *See* Def.'s Mot. to Enlarge Time to File Def.'s Renewed Mot. for Summ. J. at 2 n.1; Not. of Release of Records Withheld Pursuant to Exemptions 3 and 4 in Lieu of Renewed Mot. for Summ. J. at 1.  Summary judgment for DOJ is thus warranted in all respects.

## IV.     CONCLUSION AND ORDER

For the foregoing reasons, it is hereby:

**ORDERED** that plaintiff's Motion for Reconsideration is **DENIED**; it is further

**ORDERED** that summary judgment is **GRANTED** to the defendant in all respects; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**SO ORDERED.**

Date: October 8, 2020

_____
BERYL A. HOWELL
Chief Judge

*This is a final and appealable order.*