**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| **RYAN NOAH SHAPIRO** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **Civil Action No. 12-313 (BAH)** |
| **v.** | ) | **(ECF)** |
| | ) | |
| **DEPARTMENT OF JUSTICE** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure ("Rule 56(c) and LCvR 7(h), the Department of Justice ("Defendant" or "FBI"), by and through the undersigned counsel, respectfully submit this Statement of Undisputed Material Facts in support of Defendant's Motion for Summary Judgment.   In support, Defendant states the following:

1.      Of the Court's 107-page Memorandum Opinion, *see* ECF No. 127 ("Memo. Op."), from which Plaintiff appealed, the D.C. Circuit remanded on only one issue – records of "those related to individuals 'mentioned' in monitored communications but not directly targeted for surveillance."   *Shapiro v. DOJ*, 40 F.4th 609, 613-15 (D.C. Cir. 2022).

2.      The Circuit Court found that because "[t]he FBI's declarations d[id] not explain how the ACS search conducted in this case would have revealed electronic surveillance "mentions" if Bureau field offices omit those references from ELSUR indices[,]" a limited remand [was] appropriate." *See Shapiro*, 40 F.4th at 614-15.

1

3.      The "FBI maintains 'Electronic Surveillance ('ELSUR') Indices, a separate system of records from the [Central Records System] []'. . . [which] include[s] 'individuals who were the targets of surveillance, other participants in monitored conversations and the owners, lessees, or licensors of the premises where the FBI conducted the electronic surveillance.'"   *Id.*

4.      Information from both ELSUR and the CRS are indexed and retrieved via index searches of the FBI's two case management systems: ACS and Sentinel.   *Id.*   "ACS searches . . . equate to searches of the ELSUR indices."   *Id.*

5.      In other words, the FBI "searched its ELSUR indices *through* ACS [emphasis in original]."   *Id.*; *see also* Bender Decl. at 3 ¶ 6.

6.      "Electronic surveillance is an investigative technique conducted in predicated investigations, and as a result, indexing is done at the discretion of FBI investigators when information is deemed of sufficient significance to warrant future retrieval."   *Id.* at 4-5 ¶ 9.

7.      "'mentions' are not a category of individual typically considered for indexing under the FBI's current procedures.   However, if a field office at any point further determined an investigative interest and indexed individuals who were 'mentions,' then their names would be contained in the ELSUR indices, and thus accessible through searches of the CRS."   *Id.*

8.      "If 'mentioned' individuals were not indexed in the CRS, the FBI has no further method of searching for ELSUR material related to those individuals."   *Id.*


* * *


2

May 19, 2023                                    Respectfully submitted,


MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
601 D Street, N.W. – Civil Division
Washington, D.C.   20530
Telephone: (202) 252-2562


3