UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN NOAH SHAPIRO, )<br>)<br>PLAINTIFFS )<br>vs. )<br>)<br>DEPARTMENT OF JUSTICE, )<br>)<br>DEFENDANT )<br>) | Civil Action No. 1:12-cv-313 (BAH) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The issue before the Court on the parties' cross-motions for summary judgment is whether the FBI conducted an adequate search for records responsive to Plaintiff's FOIA requests. Upon receiving Plaintiff's FOIA requests, the FBI searched its Central Records System (CRS) for responsive records. (Bender Decl. ¶ 6.) Since the CRS does not have its own search function, the FBI accomplished its search by using a tool called ACS. (Bender Decl. ¶ 6.) During the initial proceedings in this Court, Plaintiff argued that the FBI's search was inadequate because potentially responsive electronic surveillance records exist outside the CRS and would therefore not be located through an ACS search. [ECF dkt: 103 at 1; ECF dkt: 102 at 2-4; ECF dkt:123 at 1-6].

The FBI responded that any responsive electronic surveillance records outside the CRS would still have been located through its search because ACS searches both CRS

1

and the ELSUR ("Electronic Surveillance") Indices. [ECF 113-1 ¶ 115]. Even so, Plaintiff pointed out, the ELSUR Indices searchable through ACS do not include a category of records known as electronic surveillance "mentions." [ECF dkt: 102 at 3]. Plaintiff also noted the FBI's admission in this case that since 1969, electronic surveillance "mentions" created by field offices have not been required to be forwarded to FBIHQ for inclusion in the ELSUR Indices. [ECF dkt: 17-1] (Second Hardy Decl. ¶ 18.) Because a search of the ELSUR Indices through ACS would not have been expected to locate electronic surveillance "mentions," the agency's search was not reasonably calculated to uncover all responsive records. *Amadis v. United States Dep't of State*, 971 F.3d 364, 368 (D.C. Cir. 2020) ("[E]ach agency must show that it conducted a search reasonably calculated to uncover *all* relevant documents") (internal quotation marks omitted, emphasis added).

   This Court granted summary judgment to the FBI on the adequacy of the search. [ECF dkt: 127 at 20]. On appeal, Plaintiff argued that the FBI was not entitled to judgment as a matter of law as to the adequacy of its search because the "FBI has never claimed that a search of the General Indices of the CRS can retrieve . . . mentions." *Shapiro v. DOJ*, Case No. 20-5318 (D.C. Cir.), Brief for Appellant at 18. The D.C. Circuit agreed that "[t]he FBI's declarations do not explain how the ACS search conducted in this case would have revealed electronic surveillance 'mentions' if Bureau field offices omit those references from ELSUR indices," and remanded for further proceedings. *Shapiro v. United States DOJ*, 40 F.4th 609, 614-15 (D.C. Cir. 2022). The FBI has now submitted a new declaration which claims that the FBI's search would have

2

"accounted for responsive *indexed* ELSUR records, to include any *indexed* ELSUR 'mentions' that may exist." (First Bender Decl. ¶ 10) (emphasis added). But since "'mentions' are not a category of individual typically considered for indexing under the FBI's current procedures," mentioned individuals' "names would be contained in the ELSUR indices" only if the field office later determined that it had "an investigative interest" in the individual. (First Bender Decl. ¶ 9.)

Ultimately, the FBI does not suggest that its search was reasonably likely to have located responsive "mentions" for individuals who are not indexed in ELSUR or the CRS. Instead, the FBI argues that "[i]f 'mentioned' individuals were not indexed in the CRS, the FBI has no further method of searching for ELSUR material related to those individuals." (First Bender Decl. ¶ 9.) The FBI has not previously argued that it is *unable* to search for "mentions" of unindexed subjects, only that its search for records was legally sufficient because the search included a query of the CRS. [ECF dkt: 113 at 8.] To the extent that the FBI is now arguing that it is unreasonably burdensome to search for "mentions" of unindexed subjects, this argument should be deemed waived because it is being raised for the first time after this Court decided the case. *Senate of P.R. ex rel. Judiciary Comm. v. United States DOJ*, 823 F.2d 574, 580 (D.C. Cir. 1987) ("We will not allow an agency to play cat and mouse by withholding its most powerful cannon until after the District Court has decided the case and then springing it on surprised opponents and the judge") (internal quotation marks omitted).

Plaintiff recognizes, of course, that courts do not generally order agencies to undertake tasks that are literally impossible to complete. *See Ala. Power Co. v. Costle*,

3

636 F.2d 323, 359 (D.C. Cir. 1979). Here, however, the FBI's statement that it "has no further method of searching for ELSUR material related to" subjects who are not indexed in ELSUR is too conclusory to support a finding that compliance with an order to do so would be impossible. *See e.g.*, *Sierra Club v. Johnson*, 444 F. Supp. 2d 46, 58 (D.D.C. 2006) ("An agency thus bears a heavy burden to demonstrate the existence of an impossibility") (internal quotation marks omitted).

Moreover, evidence in this case undermines Mr. Bender's assertion that it would be impossible for the agency to comply with an order to search for "mentions" of subjects not indexed in the FBI's ELSUR Indices. According to Mr. Hardy's Second Declaration in this case, there exists both an FBIHQ ELSUR Index and local field office ELSUR Indices, and some field offices continue to "include the names of individuals mentioned in monitored conversations in their field office ELSUR Indices." (Second Hardy Decl. ¶¶ 17-18.) In at least one instance, a search of the field office ELSUR Indices located a responsive record that was not located through a search of the FBI HQ ELSUR Indices. (Oglesby v. U.S. DOJ, Case No. 02-cv-603 (RWR), Third Hardy Decl. at page 15 n.17) [ECF dkt: 103-1] (attached as Ex. 1 to this motion). Although Mr. Hardy does not specify how the names of the mentioned individuals are recorded, a General Account Office (GAO) report states that while field offices are no longer required to forward the names of mentioned persons to FBI HQ, "field offices still make up mention cards for inclusion in their ELSUR index." *See* "FBI Taking Actions to Comply Fully With the Privacy Act" at PDF page 17, Report of the Comptroller General of the United States (Dec. 26, 1977), *available at* https://www.gao.gov/assets/ggd-77-93.pdf (last accessed June 22, 2023),

4

included as Ex. 2 to this filing. Although it is likely that these "mention cards" have since been digitized and/or are currently created only in digital format, there is no reason to think that field offices create "mention cards" or their electronic equivalent only to place them in a computer system where they cannot be accessed.

As to the specifics of the search, Plaintiff requests that the Court direct the parties to confer as to which field offices' ELSUR Indices should be searched for which subjects of Plaintiff's requests. If the FBI indicates to Plaintiff which field offices' ELSUR Indices continued to maintain "mentions" after 1969, when mentions were no longer required to be forwarded to FBIHQ, Plaintiff would be willing to work with the FBI to narrow down the list of field offices whose ELSUR Indices will be searched.

Respectfully Submitted,

   /s/ Jeffrey Light

Jeffrey L. Light
D.C. Bar #485360
1629 K St., NW
Suite 300
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiff*