UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RYAN NOAH SHAPIRO, | ) | |
| | ) | |
| PLAINTIFFS | ) | Civil Action No. 1:12-cv-313 (BAH) |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF'S MOTION TO UNSEAL THE CLANCY DECLARATION

Plaintiff respectfully moves the Court to unseal the declaration of Michael A. Clancy pursuant to the common law right of access. The government does not consent to the relief sought in this motion.

Respectfully Submitted,

    /s/ Jeffrey Light
_____

Jeffrey L. Light
D.C. Bar #485360
1629 K St., NW
Suite 300
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN NOAH SHAPIRO,          )
                                 )
                PLAINTIFFS   )   Civil Action No. 1:12-cv-313 (BAH)
        vs.                      )
                                 )
DEPARTMENT OF JUSTICE,     )
                                 )
            DEFENDANT   )
                                 )
_____)

## **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO UNSEAL THE CLANCY DECLARATION**

On appeal, Plaintiff argued that this Court had "erred by failing to apply the standard set forth in *United States v. Hubbard*, 650 F.2d 293, 208 U.S. App. D.C. 399 (D.C. Cir. 1980), governing the common-law right of public access to judicial records" to his motion to unseal the Clancy declaration. *Shapiro v. United States DOJ*, 40 F.4th 609, 616 (D.C. Cir. 2022). The D.C. Circuit held that "[i]f Shapiro wishes to press his argument that the right of public access requires unsealing, he must do so in the first instance before the district court." *Id.* Accordingly, Plaintiff now moves to unseal the Clancy declaration based on the common law right of public access.

When a party seeks to make public an *ex parte*, *in camera* declaration submitted by a government agency in a FOIA case, a court must determine if the declaration is a judicial record, and if so, it must then apply the test for the common law right of access to judicial

1

records. *CNN, Inc. v. FBI*, 984 F.3d 114, 116 (D.C. Cir. 2021). The Clancy declaration is clearly a judicial record. It was submitted to this Court for the purpose of supporting the government's request for an *Open America* stay. *Id.* at 118 ("If the goal in filing a document is to influence a judge's decisionmaking, the document is a judicial record.") Because the Clancy declaration is a judicial record, there is a "strong presumption" in favor of public disclosure. *Id.* This strong presumption of disclosure stems from the fact that "[a]ccessing judicial records is fundamental to the rule of law and important to maintaining the integrity and legitimacy of an independent Judicial Branch." *Id.* (internal quotation marks omitted). Thus, unless this strong presumption in favor of disclosure is overcome, the Clancy declaration should be made public.

To determine whether the presumption of disclosure has been overcome, the D.C. Circuit has applied the multifactor test which includes: (1) "[T]he need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *CNN*, 984 F.3d at 118 (alteration in original), *quoting Leopold v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020). In analyzing the Hubbard factors, the focus is on the redacted portions of the document, not the document as a whole. *Id.* at 119 ("[T]he proper inquiry is whether the public needs to access the remaining information redacted from the Archey Declaration, not . . . the Archey Declaration as a whole.")

2

### i.       The need for public access

The Clancy Declaration states that "[t]he purpose of this declaration . . . is to provide the Court with a backdrop of the animal rights extremism movement and the FBI's DT program, and to explain the significant deleterious effects that releasing information responsive to Mr. Shapiro's requests at issue in this litigation will have on the FBI's on-going efforts to investigate and combat domestic terrorism in the United States." (Clancy Decl. ¶ 5.) The released portion of the Clancy declaration does not contain a backdrop of the animal rights extremism movement or describe the deleterious effects or releasing information responsive to Plaintiff's requests. Therefore, the redacted portions of the Clancy declaration presumably contain this information. To understand this Court's decision to grant in part the government's motion for an *Open America* stay and to grant the government's motion for leave to file the Clancy declaration *ex parte* for *in camera* review, it is essential for the public to know the reasons that convinced this Court that there would be deleterious effects from releasing information responsive to Plaintiff's requests.

In addition to the public's interest in the contents of the Clancy declaration in connection with its influence on the judicial proceedings in this case, the public has an interest in knowing how the FBI views the animal rights "extremism" movement in relation to the agency's substantive law enforcement duties. *See ACLU v. United States DOJ*, 655 F.3d 1, 14 (D.C. Cir. 2011) ("[M]atters of substantive law enforcement policy . . . are properly the subject of public concern") (alterations in original). This factor therefore weighs in favor of disclosure.

3

**ii.      The extent of previous public access to the document**

It does not appear that the Clancy declaration filed in this case has been subject to

prior public access. However, a subsequent declaration submitted by the Defendant in

this case disclosed several of the reasons that the FBI's Domestic Terrorism division had

sought to avoid disclosure, including disruption to then-pending investigations and

potential prosecutions. (Fifteenth Hardy Decl. ¶ 55) [ECF dkt: 97-3]. Additionally,

another declaration from Mr. Clancy is contained on the public record in *Aref v. Holder*,

Case No. 1:10-cv-539 (BJR) and in that declaration, Mr. Clancy explains on the public

record the deleterious effects that releasing information responsive to the plaintiff's

discovery requests would have on the FBI's on-going efforts to investigate and combat

terrorism in the United States [ECF dkt: 69-2 ¶¶ 14-19] (Ex. 2.)

Further, Defendant has previously made publicly available FBI descriptions of the

backdrop of the animal rights movement. In a statement to Congress on the Animal

Enterprise Terrorism Act, the Deputy Assistant Director of the FBI's Counterterrorism

Division described at length the backdrop of the animal rights "extremist" movement and

the FBI's ongoing efforts to investigate groups such as the Animal Liberation Front

(ALF) and Stop Huntingdon Animal Cruelty (SHAC), two of the subjects of Plaintiff's

FOIA requests at issue in this case. Statement of John E. Lewis, "Animal Rights:

Activism vs. Criminality," Hearing Before the Committee on the Judiciary (May 18,

2004), S. Hrg. 108-764, *available at*

https://archives.fbi.gov/archives/news/testimony/animal-rights-extremism-and-

4

ecoterrorism (last accessed on June 22, 2023). The DOJ's Office of the Inspector General

has released a report detailing FBI investigations into ALF and PETA with minimal

redactions. [ECF dkt: 104-2 at Ex.19]. Additionally, during the course of this case, the

FBI has released thousands of pages of records detailing the backdrop of the animal

rights extremism movement (see e.g., [ECF dkt: 97-2 at Ex. 13]). This factor therefore

favors disclosure as to the portions of the Clancy declaration which mirror information

already provided to the public.

### iii.       Objections to disclosure

The FBI is the only person or entity who has objected to disclosure. This factor

therefore only modestly weighs against disclosure.

### iv.       The strength of any property or privacy interest

No property or privacy interest is at issue in the redacted portions of the Clancy

declarations. This factor therefore weighs in favor of disclosure.

### v.       The possibility of prejudice to the party opposing disclosure

To the extent that there was ever the possibility of prejudice at the time the Clancy

declaration was filed, no such prejudice would result now that all of the issues related to

the Clancy declaration have been decided on the merits. This factor therefore weighs in

favor of disclosure.

### vi.       The purposes for which the document was introduced

The Clancy declaration was introduced into evidence to convince this Court to grant

the government's motion for an *Open America* stay [ECF dkt: 17] and this Court found

the declaration to be relevant for this purpose [ECF dkt: 25] ([T]the Clancy Declaration is

clearly relevant to determining the merits of the defendant's 'mosaic theory,' offered in support of its Motion for Open America Stay"). Defendant relied on the Clancy declaration again as part of its Motion for Summary Judgment. (Memo. MSJ at 29 n.9) [ECF dkt: 97-1]. Therefore, this factor weighs in favor of disclosure.

### vii.   National security interests

While not specifically articulated as one of the six factors by the *Hubbard* court, the FBI has previously indicated that there are national security interests involved in disclosure of the Clancy declaration. [ECF dkt: 22 at 3]. While the existence of a national security interest may be a relevant consideration, no one *Hubbard* factor is dispositive. "[T]he *Hubbard* test has consistently served as our lodestar because it ensures that we fully account for the various public and private interests at stake." *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017). *See also Church of Scientology v. Harris*, 653 F.2d 584, 590 (D.C. Cir. 1981) (in exercising discretion, a "district court must consider all factors, and must be careful not to give any particular factor dispositive weight"). Thus, in *CNN*, despite the presence of weighty national security interests, the D.C. Circuit "emphasize[d] that [its] ruling does not mean that the Archey Declaration should remain redacted" and "remand[ed] for the district court to reapply the *Hubbard* factors 'in light of the relevant facts and circumstances of [this] particular case.'" 984 F.3d at 121 (emphasis added, alteration in original).

While, as this Court previously noted, the "Clancy Declaration contains information that would jeopardize the integrity of ongoing law enforcement efforts if publicly disseminated," [ECF dkt: 25 at 2] the context of the present motion requires the Court to

6

focus on whether any of the redacted portions can be released, not the nature of the document as a whole. Additionally, the Clancy declaration was submitted to this Court over 11 years ago and therefore the relevant investigations may no longer be ongoing, or if still ongoing, disclosure may no longer jeopardize the integrity of the investigation. Therefore, this consideration is neutral.

### viii.    "Law Enforcement Sensitive" information

The FBI redacted from the Clancy declaration all information it considered to be "Law Enforcement Sensitive" (LES). The "Law Enforcement Sensitive" designation, however, is vague and has no consistent meaning across agencies in terms of what information is considered sensitive. *Parhat v. Gates*, 532 F.3d 834, 853 (D.C. Cir. 2008); *Harmon v. Thornburgh*, 878 F.2d 484 (D.C. Cir. 1989); *Ameziane v. Obama*, 699 F.3d 488, 495 (D.C. Cir. 2010). Accordingly, the D.C. Circuit has held that the government cannot rest a claim of nondisclosure on "generic claims" that the information is "Law Enforcement Sensitive" because such a claim is "imprecise and overinclusive[.]" *Ameziane*, 699 F.3d at 495. Accordingly, this Court should not consider the purported "Law Enforcement Sensitive" nature of the information as a factor weighing against disclosure.

Respectfully Submitted,

____/s/ Jeffrey Light_____

Jeffrey L. Light
D.C. Bar #485360
1629 K St., NW
Suite 300

7

Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiff*