UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN NOAH SHAPIRO,          )
                                      )
           PLAINTIFF    )  Civil Action No. 1:12-cv-313 (BAH)
    vs.                     )
                                        )
DEPARTMENT OF JUSTICE,     )
                                      )
           DEFENDANT   )
                                       )

**JOINT STATUS REPORT**

     Ryan Noah Shapiro ("Plaintiff") and the Department of Justice ("Defendant" or "FBI") (collectively "the parties"), by and through undersigned counsel, respectfully submit this Joint Status Report in response to the Court's January 31, 2024 Minute Order. In response, the parties proffer the follow:

     1.     This case is currently before the Court on remand from the D.C. Circuit "for the Bureau to provide a more detailed explanation of its search for electronic surveillance records related to individuals mentioned in but not party to monitored conversations." *See Shapiro v. Dep't of Just.*, 40 F.4th 609 (D.C. Cir. 2022), *cert. denied*, 2022 WL 17573481 (Dec. 12, 2022). The remaining records to be searched are in hardcopy form.

     2.     Per the aforementioned Minute Order, the parties are to file a "joint status report advising the Court on the status of this matter, including as to the parties' discussion regarding 'whether there are any viable alternatives to the FBI digitiz[ing] the physical ELSUR manual index cards from FBI field offices before searching them,'"

1

which process FBI represents "is the most efficient approach to enable [its] search for responsive records."

3.      The "mentions" search requires the FBI to search records from twenty different offices for approximately 100 variations of subject names and aliases.  Many of the index cards from the twenty different offices have already been digitized and searched.  Plaintiff's Counsel received a letter to that effect today.

4.      With regard to the remainder of the index cards, the FBI has not contemplated any alternative to digitizing and search the cards because it is more efficient and accurate to digitalize a large number of index cards and search them electronically for approximately 100 terms than it is to examine the cards manually.

5.      The digitalizing and searching of the index cards is an ongoing process. The FBI is not waiting until it has all the cards to digitize them.  The process is ongoing and the FBI will continue to make interim releases as the process ensues.  Plaintiff has requested that the FBI make interim releases every thirty days. The FBI represents that is unable to commit to a schedule for interim releases, but is considering Plaintiff's proposal to that end and expects to have a response in the next thirty days. Plaintiff has also requested that the FBI provide an estimated date for the completion of processing.

WHEREFORE, the parties jointly request that the Court permit them to file another Joint Status Report by March 29, 2024, setting forth the status of this case given their ongoing discussions. Plaintiff requests that the Court also order the FBI to make interim releases every thirty days and provide an estimated date for the completion of processing.  The FBI position is that such an order would be premature given that

Plaintiff made this proposal during today's discussions and the FBI needs time to consider it.

February 28, 2024

MATTHEW M. GRAVES,
D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

 /s/ Kenneth Adebonojo
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
601 D Street, N.W. B Civil Division
Washington, D.C.  20530
Telephone: (202) 252-2562

*Counsel for Defendant*


 /s/ Jeffrey Light

Jeffrey L. Light
D.C. Bar #485360
1629 K St., NW
Suite 300
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiff*

3