UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RYAN NOAH SHAPIRO, | ) | |
| | ) | |
| PLAINTIFF | ) | Civil Action No. 1:12-cv-313 (BAH) |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |

SECOND DECLARATION OF JEFFREY L. LIGHT

1.      My name is Jeffrey L. Light. I am attorney for Plaintiff in the above-captioned case. This

is the second declaration I am submitting in this case.

**Education and Experience**

2.      I graduated from Georgetown University Law Center in 2004.

3.      I have been licensed to practice law in the District of Columbia since 2004, and have

regularly handled criminal, civil rights, and appellate litigation since that time.

4.      I have worked as a solo practitioner for my entire career.

5.      Since the beginning of my career, I have continuously worked on complex federal

litigation, primarily § 1983, *Bivens*, and complex FOIA cases.

**Billing Rates**

6.      In addition to cases I handle on a contingency-fee or fee-shifting basis, my practice

includes litigation for paying clients. For cases involving complex federal litigation, my typical

and customary practice is to charge clients rates which are explicitly tied to the LSI-adjusted

*Laffey* matrix. My retainer agreements with clients who pay an hourly rate for complex federal

litigation include the following language: "The firm bases its customary hourly rate on the

Adjusted *Laffey* Matrix. (http://www.laffeymatrix.com/see.html)"

7.      This Court has awarded me fees at a billing rate consistent with the LSI-adjusted/*Salazar*

Matrix. *Young v. Sarles*, 197 F. Supp. 3d 38 (D.D.C. 2016).

8.      As of April 30, 2025, my current rate according to the LSI-adjusted/*Salazar* Matrix is

$1,141/hour.

9.      For purposes of this case, however, I am billing at rates set under the U.S. Attorney's

Office's Fitzpatrick matrix, even though they are lower than my customary billable hours.


### Billing Practice

10.     I have attached an itemization of my time-keeping records.

11.     My standard practice is to contemporaneously record my time using computer software,

specifically ClickTime.  I enter my time in ClickTime after finishing work on the case for the

day. Time entries are in increments of one-tenth of an hour.

12.     I used the Export function of ClickTime to automatically create a spreadsheet containing

time entries for this case. I then converted the spreadsheet to a PDF for filing. I did this process

twice, once for time entries on the merits and a second time for time entries relating to this fee

petition.

13.     All time spent on this case (and expenses incurred) were reasonable and necessary for

representing Plaintiff.

14.     In calculating the number of hours I expended on this case, I excluded time spent on

work which was solely related to unsuccessful claims whenever it was possible to do so.

15.    The "Hours" column includes all time spent, regardless of whether it related to successful or unsuccessful claims. The "Adj. Hrs." column excludes due to unsuccessful claims. Only the "Adj. Hrs." column is used for the calculations in this fee petition.

## Explanation of Entries

16.    Each entry contains both a "Task" and "Comments" field which, read together, indicate the nature of the task and the specifics of the task.

17.    Entries include the following tasks:

(a)    Email: Time spent composing or reading email. Multiple emails sent to and/or received from the same person regarding the same matter are consolidated into one entry and the time spent on each email is combined. For example, if 3 minutes are spent writing an email to my client and 1 minute is spent reading his response, there would be a single entry which includes "(2 emails)" in the "Comment" field and the time entered would be 0.1 to represent the 4 minutes spent on email correspondence. The purpose of recording time in this manner is to avoid overbilling by charging 0.1 hours for each and every email sent or received, regardless of length.

(b)    Phone Call: Speaking on the phone. I consult my monthly phone bill to confirm that the time entry matches the precise length of the call. This task does not include time spent preparing for a phone call.

(c)    Research: Researching law and/or facts and taking notes on research. This task is not used when the work includes drafting a document to be filed.

(d)    Preparation of Legal Documents: Researching, writing, and/or editing a document to be filed with the court. Where feasible, the "Comment" field indicates more specifically the type of work (e.g., editing/revising or drafting/writing). When this event

is used in connection with a brief or motion, the "Comment" filed generally indicates only what brief or motion (or subsection of the brief or motion) was being prepared. This was done because when preparing a brief, I am typically switching back and forth between my word processor and LexisNexis repeatedly. It is therefore not generally feasible to separate the minutes spent writing the text of the brief or motion from the minutes spent searching Lexis and reading case law.

(e)    Administrative: Tasks that do not include substantive legal work. Since I am a solo practitioner and do not employ a paralegal or secretary, I performed these tasks myself.

(f)    Reviewing Documents: Reading, analyzing, and/or taking notes on a document. With respect to a court order, including a minute order, includes time spent adding any deadline to my calendar. With respect to a filing by Defendant, includes time spent reviewing cases or other materials cited. With respect to records responsive to Plaintiff's FOIA request, includes only time spent reviewing the records for litigation purposes, e.g., deciding whether and how to challenge redactions or the adequacy of the search.

(g)    Meetings: An in-person or videoconference meeting. This task does not include time spent preparing for the meeting.

18.    Many of the entries from 2011 and 2012 have a case number in parentheses in the "Comment" column. This is because the above-captioned case, 12-cv-313, is a consolidation of four cases. Time spent on tasks for all four cases is contained in the same spreadsheet and therefore the case number is included in parentheses in the "Comment" column to indicate the case for which the work was initially performed.

19.    The "Comment" column includes a contemporaneously recorded summary of the task

performed, but it does not include all information I contemporaneously recorded about the task.

For example, when composing/reading emails, the "Comment" indicates who the email was

to/from and the nature of the email. However, I retain all emails and therefore can provide

additional information about the nature of the email, if needed, without conducting any after-the-

fact reconstruction.

20.    The following abbreviations are used:

(a)    "Mot": Motion

(b)    "gov" or "def": Defendant. Where relevant, the name of the component is used

instead (i.e., "FBI" or "ATF")

(c)    "Opp": Memorandum of Points and Authorities in Opposition to a motion

(d)    "JSR": Joint Status Report

(e)    "Ext": Extension

(f)    "Reply CMSJ": Plaintiff's Reply in Support of Cross-Motion for Summary

Judgment

(g)    "CMSJ" (without the word "Reply"): Plaintiff's Cross-Motion for Summary

Judgment and Opposition to Defendant's Motion for Summary Judgment


I, Jeffrey L. Light, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the
foregoing is true and correct to the best of my knowledge.


Dated: April 30, 2025

_____/s/ Jeffrey Light_____